OTTOMAN CAHVEY COMPANY

*v.*

JAMES F. DANE *et al.*

*Filed at Ottawa May 18, 1880.*

CORPORATIONS—PARTNERSHIPS—*doing business under the name of another corporation.* A company claiming to have been incorporated under the laws of another State, commenced doing business in this State, under its assumed corporate name. Subsequently another company became incorporated by the same corporate name as the former, under the laws of this State, and commenced business in the same city in which the former company was already established. The company organized under the laws of this State sought to restrain the persons composing the other company from continuing to do business under the corporate name, alleging that the defendants' pretended corporation no longer existed,—but it was held that was not sufficient ground for the relief sought. If the defendants were no longer incorporated, or if their original organization as a corporation was illegal, they still had a right to prosecute their business as partners, and under any name they might adopt.

APPEAL from the Appellate Court for the First District.

This suit was commenced originally in the Superior Court of Cook county, and tried before the Hon. SAMUEL M. MOORE, Judge, presiding. On appeal to the Appellate Court the decree of the Superior Court was affirmed.

Messrs. McClellan, Tewkesbury & Cummins, for the appellant.

Messrs. Roberts & Hutchinson, for the appellees.

Per Curiam: This was a bill in equity, brought by Ottoman Cahvey Company, appellant, against James F. Dane and Scammon P. Richards, to enjoin defendants from using the trade mark of complainant, of which the words "Ottoman Cahvey" were an essential part, and also to enjoin the defendants from using the corporate name of complainant, "Ottoman Cahvey Company." On the hearing upon bill, answer and proofs, complainant abandoned that portion of its bill which related to the trade mark, and only attempted to restrain the defendants from using the corporate name. The Superior Court, however, dismissed the bill for the want of equity, and this decree, on appeal, was affirmed in the Appellate Court.

The only question which we are called upon to consider by this appeal is, whether, under the allegations of the bill and the evidence, a court of equity should lend its aid to restrain the defendants from the use of a certain name in the transaction of their business.

It appears, from the evidence, that on or about the 29th day of June, 1875, the defendants and Andrew H. Adams organized a corporation, under the laws of the State of Michigan, which was known as the "Ottoman Cahvey Company," the two defendants being the principal stockholders. The business of the corporation was carried on in the city of Chicago, under the name assumed by the defendants, from the time the company was formed in 1875 until the bill in this case was filed. It also appears that on or about the 24th day of September, 1876, Andrew H. Adams and others organized a corporation, under the laws of this State, to be known as the "Ottoman Cahvey Company," which was located in Chicago, and this bill was filed by the last named

corporation to restrain the defendants from doing business under the corporate name of "Ottoman Cahvey Company."

We perceive no ground upon which the bill can be maintained. If the Michigan corporation was dissolved by decree of court, as claimed by the complainant, or if the Michigan corporation made an assignment, as contended, and no longer acted in the capacity of an incorporated company, still the defendants had the clear right to continue the business in which they were engaged, as partners, and, if they saw proper to conduct their business under the firm name of the "Ottoman Cahvey Company," no reason is perceived why they could not do so.

The fact that a corporation was organized under the laws of this State, subsequent in date to the time defendants commenced business, which assumed the same name under which defendants were carrying on their business, could confer no right upon complainant to invoke the aid of a court of equity to restrain the defendants from the use of the name. So far as the complainant was concerned the defendants had the prior right to the use of the name, as they had conducted their business under the name assumed continuously, from the date of the organization of the Michigan corporation. If the Michigan corporation was not legally organized, or if it was dissolved by decree of court, the defendants who carried on the business did so as co-partners, and they had the right, as such, to assume any name they saw proper; and they could use the name "Ottoman Cahvey Company" as well without a legal organization, as they could had they been legally organized under the laws of Michigan.

So far as is shown by this record, the defendants had at least as much right to use the name assumed as the complainant. As the complainant has shown no equitable ground for relief, the Superior Court did right in dismissing the bill for the want of equity.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*