## DEAN *et al. vs.* HEALY.

Pilots are not public officers or civil officers so as to be subject to writs of *quo warranto*. Their licenses, as well as the requisites to obtain them, are but safeguards for the protection of the marine commerce of the state, and are similar to other licenses.

Pilots. Officers. *Quo Warranto.* Before Judge FLEMING. McIntosh County. At Chambers. December 20th, 1880.

Reported in the decision.

GARRARD, MELDRIM & FRAbER, for plaintiffs in error.

W. R. GIGNILLIATT ; LESTER & RAVENEL, for defendant.

CRAWFORD, Justice.

On the 2d day of November, 1880, Thomas F. Healy was licensed as a pilot for the port of Darien, and received a certificate as such from the commissioners of pilotage for the said port. James Dean and eleven other pilots sued out a writ of *quo warranto* requiring the said Healy to show cause why his said license or certificate as pilot should not be declared null and void, and why judgment of ouster should not be rendered against him as such pilot.

In response to this writ the defendant showed for cause that the allegations therein set forth did not make such a case as authorized a judgment of ouster or any other judgment against him. The judge below, after argument had, sustained the demurrer, and the relators excepted.

The only question presented by this record is whether a pilot in the port of Darien is a public officer within the meaning of §3203, or a civil officer under §3206 of the Code.

A pilot is one who steers a ship or vessel, a guide, and in no sense exercises or discharges the functions of a public office. No portion of the sovereignty of the country attaches to his position or duty. It is neither legislative, executive nor judicial, and does not, therefore, fall legitimately within the scope of a *quo warranto* information as to public officers. High Ex. Legal Rem., §625 ; R. M. Charlton, Rep., 302, 310.

It is, however, insisted that §3206 enlarges the *quo warranto* proceeding and extends it to any civil officer of the state to determine his right to his office. This is true, but the mere fact that the state, desirous of conducting vessels safely in their arrival and departure from her ports, will not allow any but competent persons to guide them, is but one of her numerous regulations to give protection to the public interests. Commissioners of pilotage, therefore are empowered to license such persons of good character as they shall think most fit to act as pilots.

A certificate or license to engage in this pursuit does not constitue the person a civil officer any more than the license to a physician, druggist, dentist, peddler, pawnbroker, liquor dealer or auctioneer does. It is but a safeguard provided for the benefit and security of her merchant marine interests, just as the like protection is given against imposition from incompetent or bad men who engage in other avocations requiring license.

The judgment of the court below was, in our opinion, right, and must be sustained.

Judgment affirmed.