## The Hazelton Boiler Company

### v.

## The Hazelton Tripod Boiler Company.

*Filed at Ottawa March 9, 1891.*

1. APPEAL—*whether a franchise involved—"franchise" defined.* The word "franchise," as used in the act creating the Appellate Court, means a privilege emanating from the sovereign power of the State, owing its existence to a grant, or prescription, which presupposes a grant, and invested in an individual or body politic,—something not belonging to the citizen of common right.

2. SAME—*corporate name—as a franchise.* The right to be a corporation by a particular name is a franchise; but where this right is not contested, it will not authorize an appeal directly from the trial court to the Supreme Court.

3. SAME—*trade-mark—as a franchise.* A trade-mark is not a franchise or privilege emanating from the sovereign power of the State, but, on the contrary, is the name, symbol, figure, letter, form or device adopted and used by a manufacturer or merchant in order to designate the goods he makes or sells, and distinguish them from those made or sold by another.

4. So where a bill by a foreign corporation seeks to enjoin a corporation of this State from the use of the name of the former as a trade-mark, no franchise will be involved, in the sense of that word as used in the statute allowing appeals to this court instead of to the Appellate Court.

APPEAL from the Superior Court of Cook county.

Messrs. Banning, Banning & Payson, for the appellant.

Messrs. Bond & Adams, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The Hazelton Boiler Company filed its bill in chancery in the Superior Court of Cook county, against the Hazelton Tripod Boiler Company and others, praying that the use of the name "Hazelton" as a trade-mark be enjoined. Answers were filed to the bill and evidence taken, and the cause was heard on bill, answer and proofs, and the court thereupon decreed that the bill be dismissed. This appeal is prosecuted to reverse that decree.

We are of the opinion that the appeal should have been taken to the Appellate Court for the First District, and that it is therefore improperly in this court. The only pretense for taking the appeal to this court is, that a "franchise is involved," within the meaning of those words as used in the act creating the Appellate Court. We held in *Board of Trade* v. *The People ex rel.* 91 Ill. 80, that the word "franchise," as used in that act, means a privilege emanating from the sovereign power of the State, owing its existence to a grant, or, as at common law, to prescription, which presupposes a grant, and invested in individuals or a body politic something not belonging to the citizen of common right.

The Hazelton Boiler Company is a manufacturing corporation organized under the laws of the State of New York, and the Hazelton Tripod Boiler Company is a manufacturing corporation organized under the laws of this State; but it is neither alleged nor claimed by either party that the mere fact of incorporation in the one State or the other, *ipso facto*, conferred a right to the use of the name "Hazelton" as a trademark, and the controversy is only whether the complaining company has, in fact, a trade-mark in that name, and whether it has been appropriated by the defendant company. The right to be a corporation by a particular name is a *franchise*, but this right is not here contested. The validity of neither

corporation is contested. But the right of a corporation to the use of its name can be no greater or different in principle than that of an individual, and although an individual may acquire the right to use his name as a trade-mark, he may be enjoined from doing so if some other person, having the same name, has previously acquired the right to use it as a trade-mark upon his goods. (*Melandy* v. *Melandy*, 62 N. Y. 427; *Ottoman Cahvey Co.* v. *Dane et al.* 95 Ill. 203; Upton on Trade-marks, 104, 105, *et seq.*) The right to be a corporation by a particular name, and the right to use a franchise in transacting its business, are entirely distinct and wholly different rights, and the latter can only exist where there is a distinct and specific grant, or, it may be, right by prescription, authorizing it. 2 Morawetz on Corp. (2d ed.) 922; *Richards* v. *The People*, 100 Ill. 423; *Mills* v. *Parlin*, 106 id. 60. But a trade-mark is not a *franchise*. It is not a privilege emanating from the sovereign power of the State, owing its existence to a grant, or a prescription presupposing a grant, but it is, on the contrary, the name, symbol, figure, letter, form or device adopted and used by a manufacturer or merchant in order to designate the goods he manufactures or sells, and distinguish them from those manufactured or sold by another. (Upton on Trade-marks, chap. 1, p. 9; *Condee et al.* v. *Deere et al.* 54 Ill. 439.) And so, necessarily, the right to use a particular trade-mark can not be an indispensable element in the formation of a corporation, but it must originate by reason of subsequent acts of the corporate body, just as it must originate from individual acts in the case of natural persons.

There being no franchise involved, the appeal must be dismissed. Appellant will have leave, if it shall so desire, to withdraw the record, abstract and briefs, for the purpose of filing them in the Appellate Court.

*Appeal dismissed.*