STATE *v.* S. N. GIBBS AND N. E. LYNCH.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 6, 1909.

*Quo Warranto—Scope of Remedy—Right to Sell Intoxicants—*
*"Franchise"—Liquor License.*

A person licensed to sell intoxicating liquor is not an office holder, and his right to sell cannot be tested by *quo warranto.*

A franchise has the character of property or estate, in which the holder has a vested right, and it is entitled to the same protection under constitutional guaranties as other property.

The State's right to regulate the liquor traffic, and to prohibit the sale of intoxicating liquor by license, comes from its inherent and constitutional power of governing and regulating its internal police.

A liquor license is not a contract between the State and the licensee, giving him vested rights, and it cannot be so granted as to be irrevocable, nor can its validity be tested by *quo warranto.*

PETITION for a writ of *quo warranto*, brought to the Supreme Court for Franklin County at its October Term, 1909, and then heard on the pleadings and testimony taken and filed. The opinion states the case. See next case.

*Elmer Johnson,* State's Attorney, for the State.

*C. D. Watson* for the defendants.

There is no usurpation of an office or of a franchise involved. A liquor license is not a franchise and the holder is not an officer. There is not a case under the common law in which a mere license or privilege of this character has been attacked in such proceedings. The granting or refusing the writ rests in the sound discretion of the court. *State* v. *Smith,* 55 Tex. 451; *Dean* v. *Healy,* 66 Ga. 503; *State* v. *Green,* 112 Ind. 462; *People* v. *Utica Ins. Co.,* 15 Johns. 358.

WATSON, J.   The complaint is preferred and prosecuted by the state's attorney of Franklin County against the defendants, praying that they be commanded to show by what authority they are selling intoxicating liquors in the town of Fletcher in that county.

It appears that the town of Fletcher, at a meeting for that purpose warned and held in the spring of 1909, voted to license the sale of intoxicating liquors therein according to law; that defendant Gibbs was granted a license by a majority of the board of license commissioners of the town for the sale of such liquors on the premises occupied by him in Binghamville, a village in the town of Fletcher; that since about the 8th day of May following the defendant Gibbs has been and now is engaged in the sale of intoxicating liquors thereunder on said premises; and that defendant Lynch has been and is in the employ of Gibbs in and about such business.

It is contended by the defendants that there is no usurpation of office, and that no franchise is involved; that a liquor license is not a franchise, consequently its validity cannot be tested by *quo warranto* proceedings.

That a licensee is not an office holder may be accepted without question.

In the *Bank of Augusta* v. *Earle,* 13 Pet. 519, 10 L. ed. 274, Chief Justice Taney delivering the opinion, franchises are defined as "special privileges conferred by government upon individuals, and which do not belong to the citizens of the country, generally, of common right." And further, "It is essential to the character of a franchise that it should be a grant from the sovereign authority, and in this country no franchise can be held which is not derived from a law of the State." Other courts have said: "A franchise is a grant by or under the authority of government, conferring a special and usually a permanent right to do an act, or a series of acts, of public concern, and, when accepted, it becomes a contract and is irrevocable, unless the right to revoke is expressly reserved." *Southampton* v. *Jessup,* 162 N. Y. 122, 56 N. E. 538. "A privilege emanating from the sovereign power of the State, owing its existence to a grant, or, as at common law, to prescription, which presupposes a grant, and invested in individuals or a body politic something not belonging to the citizen of common right."

*Hazelton Boiler Co.* v. *Hazelton Tripod Boiler Co.,* 137 Ill. 231, 28 N. E. 248.

A franchise has the legal character of property or an estate, in which the holder has a vested right, and is entitled to the same protection under constitutional guaranties as other property. *Armington* v. *Barnet et al.,* 15 Vt. 745, 40 Am. Dec. 705; *Enfield Toll Bridge Co.* v. *Hartford etc. R. R. Co.,* 17 Conn. 40, 42 Am. Dec. 716; *Norwich Gas Light Co.* v. *Norwich City Gas Co.,* 25 Conn. 19.

The right of the State to regulate the traffic in intoxicating liquors, and to prohibit the sale thereof except by license, comes from its inherent and constitutional power of governing and regulating its internal police. A license to sell liquor is not a contract between the State and the licensee giving the latter vested rights, and it cannot be so granted as to be irrevocable. In *Commonwealth* v. *Blackington,* 24 Pick. 352, Chief Justice Shaw delivering the opinion, it was held that "the exclusive authority and power to sell spirit by retail, is not conferred on the licensed person, as a benefit or privilege to him, or with a view to give him an exclusive right; but solely because the peace and security, the morals and good order of the community, will be promoted by it, and the exclusive power therefore is collateral, and incidental, and not one of the objects and purposes of the law." It follows that a revocation would not be an infringement upon any constitutional rights. "The necessary powers of the legislature over all subjects of internal police, being a part of the general grant of legislative power given by the Constitution, cannot be sold, given away or relinquished. Irrevocable grants of property and franchises may be made, if they do not impair the supreme authority to make laws for the right government of the State; but no one legislature can curtail the power of its successors to make such laws as they may deem proper, in matters of police." *Board of Excise* v. *Barrie,* 34 N. Y. 657; *Stone* v. *Mississippi,* 101 U. S. 814, 25 L. ed. 1079; *Boston Beer Co.* v. *Massachusetts,* 97 U. S. 25, 24 L. ed. 989; *Calder* v. *Kurby,* 5 Gray 597; *Commonwealth* v. *Brennan,* 103 Mass. 70; *State* v. *Holmes,* 38 N. H. 225; *La Croix* v. *County Commissioners,* 50 Conn. 321, 47 Am. Rep. 648; *State* v. *Woodward,* 89 Ind. 110, 46 Am. Rep. 160.

On principle and authority the license issued to defendant Gibbs is merely a permit to him to carry on the sale of intox-

icating liquors under certain restrictions, and its validity cannot be tested by proceedings of this character. *Swarth* v. *The People*, 109 Ill. 621; *Hargett* v. *Bell*, 134 N. C. 394, 46 S. E. 749; *Chicago City Ry. Co.* v. *The People*, 73 Ill. 541; *City of Carbondale* v. *Wade*, 106 Ill. App. 654; *Dean* v. *Healy*, 66 Ga. 503; *The State* v. *Green*, 112 Ind. 462, 14 N. E. 352.

Since this is determinative of the case no other questions are considered.

*Complaint dismissed without costs.*