ATTORNEY GENERAL *vs.* JOHN P. LYONS.
SAME *vs.* OKSAS EXPRESS COMPANY.

Plymouth. January 15, 1915. — March 31, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Quo Warranto. License. Municipal Corporations,* Officers and agents. *Express Company. Intoxicating Liquors,* Transportation. *Equity Jurisdiction,* To enjoin transaction of unauthorized business by corporation.

Action of the mayor and aldermen of a city, in which licenses of the first five classes for the sale of intoxicating liquor are not granted, in issuing a permit under St. 1906, c. 421, as amended by St. 1911, c. 423, for the transportation of spirituous and intoxicating liquors into or in such city, if such permit is in proper form, cannot be reviewed in quo warranto proceedings brought by the Attorney General against the person, firm or corporation who received the permit, although such person, firm or corporation is not "regularly and lawfully conducting a general express business" according to the requirement of the amended § 2 of the statute.

*Whether,* under any circumstances such action of the mayor and board of aldermen could be reviewed in appropriate and seasonable proceedings, *or whether* the action is a practical detail in the administration of local affairs which, so long as honestly exercised, is vested finally in the mayor and board of aldermen, was not decided.

St. 1906, c. 372, providing that upon an information in equity in the name of the Attorney General at the relation of the commissioner of corporations the Supreme Judicial Court may enjoin a corporation from assuming or exercising any franchise or privilege or transacting any kind of business not authorized by its charter and the laws of the Commonwealth, does not give that court power in such proceedings to enjoin a corporation to which, by the mayor and aldermen of a city in which licenses of the first five classes for the sale of intoxicating liquors are not granted, a permit has been granted in due form under St. 1906, c. 421, as amended by St. 1911, c. 423, for the transportation of spirituous and intoxicating liquors into or in such city, from conducting business in accordance with the permit, although the holder of the permit is not "regularly and lawfully conducting a general express business" according to the requirement of the amended § 2 of the statute.

RUGG, C. J. These are quo warranto proceedings brought by the Attorney General for and in behalf of the Commonwealth, alleging that the defendants, "not regularly and lawfully conducting a general express business," were granted permits, unobjectionable in form, to transport intoxicating liquors for hire and reward by the mayor and aldermen of the city of Brockton,

a city in which licenses of the first five classes for the sale of intoxicating liquors are not granted, contrary to the provisions of St. 1906, c. 421, as amended by St. 1911, c. 423; wherefore prayers are made that the defendants severally "be forejudged and excluded of and from the said liberties, privileges and franchises." Demurrers were filed to these informations and the cases are here on reports.*

In effect this court is asked to review the action of the local board in issuing these permits. There is no ground for the use of quo warranto for this purpose. The history of that process in this Commonwealth is considered somewhat at length in *Attorney General* v. *Salem*, 103 Mass. 138, *Attorney General* v. *Sullivan*, 163 Mass. 446, and *Haupt* v. *Rogers*, 170 Mass. 71. Without going into that subject again, it seems plain that its function cannot be stretched to include the object here sought. The granting or the refusal of the permit was within the jurisdiction of the mayor and aldermen. They have not exceeded their jurisdiction and so far as concerns form have acted without flaw.

It is urged that an error has been made in the determination of a question of fact. The revision of such a quasi judicial action is not a proper function of quo warranto. Its appropriate use is not to obtain a review of the decision of another board or tribunal as to a matter within its jurisdiction. The cases from Illinois upon which the petitioner relies, *People* v. *Heidelberg Garden Co.* 233 Ill. 290, and others there cited, rest upon a local statutory extension of the scope of quo warranto, while *State* v. *Topeka*, 30 Kans. 653, was a proceeding against a city for undertaking to exercise a jurisdiction prohibited by the Constitution of that State.

It is doubtful whether in any event the attempt to exercise a license properly can be described as a liberty, franchise or privilege as those words are used in quo warranto proceedings. See *Dean* v. *Healy*, 66 Ga. 503, and *State* v. *Green*, 112 Ind. 462. That point, however, need not be decided.

It is not necessary to determine whether under any circumstances by appropriate and seasonable proceedings the deter-

---

* By *Hammond*, J., who stated in each report that he "was of the opinion that the demurrer should be sustained."

mination of the local board can be reviewed, or whether such determination is a practical detail in the administration of local affairs which so long as honestly exercised is vested finally in that board. See *McLean* v. *Holyoke,* 216 Mass. 62.

It was said during argument, in answer to questions from the bench, that there was no other remedy through ordinary channels for the evil alleged to exist, because it was the practice in the local courts to refuse to receive complaints for the violations of law such as here are alleged. If officers of such courts refuse to perform their duties, remedy is afforded for compelling them to act. In any event there is no ground for putting quo warranto to an unexampled use.

The plaintiff in the second case has asked to amend his information into proceedings in equity under St. 1906, c. 372. See *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 194, 198. But manifestly that statute is not adapted to the state of facts here disclosed. The defendant corporation is not exercising a franchise nor doing a business not permitted by its charter or the laws of the Commonwealth. It simply is doing the quite different thing of acting under a license regularly granted on its face, which, it is contended, the board, clothed by law with jurisdiction in the premises, has mistakenly granted.

*Information dismissed.*

*W. G. Rowe,* for the plaintiff.

*G. F. McKelleget,* (*E. J. Barry* with him,) for the Oksas Express Company.

*J. E. Handrahan,* for the defendant Lyons, submitted a brief.