SCHARFF, D. B. A. SCHARFF'S TAVERN, APPELLANT, *v.* STATE OF OHIO, BOARD OF LIQUOR CONTROL, ET AL., APPELLEES.

(No. 5178—Decided February 2, 1955.)

*Mr. H. David Lefkowitz* and *Mr. Joseph L. Zelazny,* for appellant.

*Mr. C. William O'Neill,* attorney general, *Mr. Kiehner Johnson* and *Mr. Russell J. Spetrino,* for appellees.

MILLER, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control, which affirmed that of the department of Liquor Control denying the appellant a new D-3 liquor permit.

The record discloses that on December 10, 1948, the appellant filed his application for said permit for premises located in the village of Brecksville, Ohio; and that on September 9, 1953, the department issued the following order rejecting said application:

"This matter having been carefully considered by the Department of Liquor Control upon the application, report of investigation and allied documents, the application is refused and rejected upon the basis of the department's findings hereinafter set forth.

"The department finds that subject application, filed on December 10, 1948, is for the issuance of a D-3 permit.

"The department further finds that to issue said D-3 permit would be contrary to the provisions of Regulation 64 of the Board of Liquor Control.   Regulation 64 of the Board of Liquor Control provides in part as follows:

" 'No new D-3, D-3A, D-4 and D-5 permits shall be issued except permits issued pursuant to the provisions of Regulation 14, and except, also, new permits upon the expiration of

any existing permits to the same permit holder for the same location.'

"The department finds that as of April 11, 1949, there was 1 class D-3 permit issued and outstanding in the village of Brecksville, Ohio. The department further finds that as of this date, September 9, 1953, there is still 1 class D-3 permit in the village of Brecksville, Ohio.

"The department's findings that a new D-3 permit cannot be issued to the applicant are based solely upon the provisions of Regulation 64 of the Board of Liquor Control and for no other cause. The department has not made any inspection of the applicant's permit premises nor has there been an investigation of the applicant himself as to whether or not he is a qualified person to hold a class D-3 permit under the provisions of the Liquor Control Act or the regulations of the Board of Liquor Control.

"Accordingly, application No. E 1546 is hereby refused and rejected. Refund check for the fee accompanying said application will be forthcoming."

The only evidence submitted before the board was a stipulation that the number of inhabitants in the village of Brecksville on December 10, 1948, was in excess of 2,500; that there was one D-3 permit then issued and outstanding; and, further, that on April 11, 1949, the number was the same as well as on September 9, 1953, when the rejection order was made.

The appellant urges that when the application was filed there was no freeze on the number of permits which could be granted, but that the same was governed entirely by the statutory limitation and under which the permit could have been granted; that a freeze on the number of liquor permits was established in January 1949, by executive order which remained until March 28, 1949; and that from that date until April 11, 1949, there was no freeze on, but that on April 11, 1949, the number of permits was again frozen by regulation No. 64.

It is admitted that if the various freeze orders had application during their effective dates, the permit could not have been lawfully issued, but the appellant contends that his rights to a permit were fixed as of the date of the filing of the application, to wit, on December 10, 1948. This would be true if any

rights vested in the applicant when the application was filed, but such does not appear to be the law. It seems to be well established that a legal license confers no right or estate or a vested interest. 8 Ohio Jurisprudence, 525, Section 388; *State, ex rel. Zugravu,* v. *O'Brien,* 130 Ohio St., 23, 196 N. E., 664.

The constitutional inhibitions as to the impairment of the obligation of a contract do not extend to licenses. 12 American Jurisprudence, 36. See, also, numerous cases cited therein.

In *State* v. *Gibbs,* 82 Vt., 526, 74 A., 229, 24 L. R. A. (N. S.), 555, 18 Ann. Cas., 525, the court held that a license to sell liquor is not a contract between the state and the licensee, giving the latter vested rights, and it cannot be so granted as to be irrevocable.

If there can be no vested right in a permit, it must logically follow that there can be none in an application for the same; hence, the law applicable at the time of the passing on the application by the proper authorities must govern.

In *Board of Liquor Control* v. *Tsantles,* 156 Ohio St., 512, 103 N. E. (2d), 749, the court says at page 514:

"Applications may be *filed* and *processed* at any time, but the *granting* of them is a matter for the judgment and control of the department.

"* * *

"* * * A permit is issued as a mere privilege and not as a matter of right, and its issuance is in control of the department."

The applicant also contends that he was restricted by the board as to the evidence he might be permitted to offer. We do not think that such a conclusion is sustained by the record. But even if the appellant were correct as to his contention, no proffer of additional evidence was made; hence, we cannot say that its exclusion was prejudicial.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and HORNBECK, J., concur.