STATE OF NEBRASKA V. WINFIELD S. SCOTT.*

FILED JANUARY 6, 1904. No. 13,441.

Quo Warranto: DUTIES OF COUNTY SURVEYOR. An information in the nature of quo warranto will not lie to inquire into the right of county surveyors, in counties having more than 50,000 population, to perform and exercise the duties of county engineer, as provided for by chapter 32 of the laws of 1903.

ORIGINAL proceeding in the nature of quo warranto to

* Rehearing allowed. See opinion, p, 685, *post.*

determine the right of respondent to exercise the duties of county engineer. *Dismissed.*

*Frank N. Prout, Attorney General,* and *Jesse B. Strode,* for the state.

*Arnott C. Ricketts, contra.*

OLDHAM, C.

This is an original information in the nature of quo warranto, filed by the attorney general for the purpose of determining the right of respondent to exercise the duties of county engineer in Lancaster county, Nebraska. The information alleges that the respondent is the duly elected, qualified and acting surveyor of the county of Lancaster; that, as such officer, he is performing and threatens to exercise the duties of the office of county engineer, under and by virtue of chapter 32, laws of 1903, entitled "An act to constitute the county surveyor ex officio county engineer in addition to his powers and duties of county surveyor, and to define his powers and describe his duties as county engineer, and to repeal all acts and parts of acts inconsistent or in conflict with this act." The information sets forth that Lancaster county is a county of more than 50,000 population; that the act of the legislature of 1903, providing for the duties of county engineer, was passed in violation of section 15, article 3 of the constitution of Nebraska. The respondent, for answer, admits that he is the duly qualified and acting surveyor of Lancaster county; that, as such surveyor, he has exercised and intends to exercise the duties of county engineer of said county as provided for by the act of 1903, *supra.* He further alleges that there is no such office as that of county engineer; that the provisions of the act of 1903 did not create an additional office, but only imposed additional duties upon the office of the county surveyor, in counties having more than 50,000 population; that quo warranto will not lie to question his right to exercise the duties of county engineer.

The dispute arising upon the information of the relator and answer of the respondent is one of law and not of fact. Informations in the nature of quo warranto are provided for in but two sections of our statute; one is found in section 1, chapter 71, Compiled Statutes (Annotated Statutes, 1706). This section applies exclusively to claimants of the office which is usurped, invaded or unlawfully exercised by another, and plainly has no application to the case at bar, because no one else is claiming the right to exercise the duties of the office. The only provision on which this action could be grounded is found in section 704 of the code, and is as follows:

"An information may be filed against any person unlawfully holding or exercising any public office or franchise within this state, or any office in any corporation created by the laws of this state, or when any public officer has done or suffered any act which works a forfeiture of his office, or when any persons act as a corporation within this state without being authorized by law, or if, being incorporated, they do or omit acts which amount to a surrender or forfeiture of their rights and privileges as a corporation, or when they exercise powers not conferred by law."

The provisions of the above section applicable to public officers warrant an information "against any person unlawfully holding or exercising any public office" within the state, "or when any public officer has done or suffered any act which works a forfeiture of his office." There is no charge in the information that the respondent is unlawfully exercising the duties of the office of county surveyor, or that he has been guilty of any official misconduct which would work a forfeiture of that office; but the information is directed solely at his right to exercise the duties of county engineer, in addition to those attaching to the office of county surveyor prior to the act of 1903. The question then to be determined is, did the act of 1903 attempt to create a new and independent office of county engineer, in counties having more than 50,000 population, or did it merely prescribe additional duties to be performed by

county surveyors in counties containing this population? An inspection of the provisions of chapter 32, *supra*, shows that the intent of the legislature was that county surveyors, in counties having more than 50,000 inhabitants, shall be "ex officio county engineer," and that it shall be their duty to prepare plans, specifications and details for the use of county boards in aiding and letting contracts for the building or repairing of bridges, culverts and improvements upon public roads, and to make estimates for the costs of contemplated improvements, and to superintend such improvements, and to inspect the work and materials placed therein, and to report in writing to the county board as to whether the same comply with the plans, specifications, etc. It also provides that the county engineer shall perform such services for the county as the county board may from time to time require and direct, and make his reports in writing to the county board. These are the essential provisions of the act. There is nothing in the act that requires the county surveyor to qualify as county engineer by taking an official oath or by giving a bond, nor is there any provision in the act allowing any compensation for the services performed as county engineer. We do not think, after an examination of the act, that it was the intention of the legislature to create a new and independent office, in counties having the required population, but all that was attempted was the imposition of new duties upon the office of county surveyor in such counties. It has been repeatedly held by this court that the imposition of new duties upon executive officers of this state does not create new executive officers. *In re Railroad Commissioners*, 15 Neb. 680; *Nebraska Telephone Co. v. Cornell*, 59 Neb. 737. Since the remedy by information in the nature of quo warranto is employed to test the actual right to an office or franchise, it seems that it can not be extended to relieve against official misconduct which does not work a forfeiture of the office. High, Extraordinary Legal Remedies (3d ed.), sec. 618. The original writ of quo warranto, which has been largely superseded by

informations in the nature of quo warranto, was a high prerogative writ and, like all other extraordinary processes, it generally would only lie when no other adequate remedy would afford the required relief. The rule appears to even go further with reference to quo warranto than with reference to extraordinary proceedings by injunction or mandamus. In the latter, it being the rule that they may be invoked where there is no adequate remedy at law, but in quo warranto it is held that it will not lie where there is even an adequate remedy by bill in equity. *People v. Whitcomb*, 55 Ill. 172; *Dart v. Houston*, 22 Ga. 506. If, then, as alleged in the information, the respondent is the legally qualified and acting county surveyor of Lancaster county, and if he is attempting without authority to exercise the duties of county engineer of said county, injunction would afford an adequate equitable remedy to restrain his contemplated illegal acts.

We are therefore of the opinion that quo warranto will not lie in the case at bar, and recommend that the proceedings be dismissed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the opinion, the proceedings are

DISMISSED.

The following opinion on rehearing was filed September 22, 1904. *Judgment of dismissal adhered to:*

1. Constitutional Law: SPECIAL LEGISLATION: COUNTY SURVEYOR. **An** act of the legislature which regulates a county office, and which by its terms limits its operation to counties having a population of 50,000 "according to the census of 1900," is local and special in its application, since it can never apply to any other counties than the two which were in the class at the time of the passage of the act.

2. ———: ———. Chapter 32, laws of 1903, entitled "An act to constitute the county surveyor ex officio county engineer in addition to his powers and duties of county surveyor," etc., is in violation of section 15, article 3 of the constitution, which prohibits the

passage of local or special laws regulating county or township offices, and further provides that, in all cases where a general law can be made applicable, no special law shall be enacted, and is void.

LETTON, C.

At the former hearing of this case (*ante,* p. 681), we held that an information in the nature of quo warranto would not lie in the case. At that time our attention was mainly directed to the question of practice as to whether or not the remedy of quo warranto was a proper one to be applied under the circumstances. At this hearing, however, our attention has mainly been called to the question whether or not the law of 1903, chapter 32 (sec. 131*a*, art. 1, ch. 18, Compiled Statutes, Annotated Statutes, 9224), by which the county surveyor is made, ex officio, county engineer, is in violation of the constitution. It seems clear to us that this act is a clear and palpable violation of section 15, article III of the constitution of Nebraska, which prohibits the passage of local or special laws regulating county and township offices, and further provides that in all cases where a general law can be made applicable no special law shall be enacted. By the provisions of the act under consideration, it is provided that, in all counties of the state of Nebraska having over 50,000 inhabitants according to the census of 1900, the county surveyor shall be, ex officio, county engineer, etc. The operation of the act is limited to counties having over 50,000 inhabitants according to the census of 1900. The court takes judicial notice of the fact that there are only two counties in the state of Nebraska which had over 50,000 inhabitants according to the census of 1900. These are the counties of Douglas and Lancaster, and the act might as well have stated in express terms that in the counties of Douglas and Lancaster the county surveyor shall be, ex officio, county engineer, as to limit the class of counties to which it is applicable to a class which plainly and inevitably contains only the two counties named. The object of the law may be wise, and the reform sought to be accomplished

State v. Scott.

may be salutary. It may be that the heavier burden placed upon the roads and bridges of the counties named, by reason of the greater density of population and consequently increased amount of travel and intercourse carried on upon the public highways, renders it necessary that a skilled officer shall have the general charge and supervision of road work and of the selection of materials for, and the construction and repair of, bridges. But this end is as necessary to be attained in all counties which may in the future reach the population prescribed by this act, as in those which are now in the class. This act is so framed that it can not in the future apply to other counties which may attain the requisite population. The classification therefore is arbitrary and points out the two counties named as clearly and specifically as if they had been designated by their proper names. The effect of the statute is to remove the counties of Douglas and Lancaster from the operation of general laws applying to all counties in the state. A general law can plainly be made applicable to all counties having the required population, without the limitation to those which had 50,000 population by the census of 1900. It is clear, therefore, that this is a local and special act applying only to these two counties, that a general law may be made applicable, and that the act therefore is in violation of the constitutional restrictions. *State v. Mitchell,* 31 Ohio St. 592, 607; *State v. Anderson,* 44 Ohio St. 247; *City of Topeka v. Gillett,* 32 Kan. 431; *Woodard v. Brien,* 14 Lea (Tenn.), 520.

The act which imposes the additional duties upon the county surveyor being void, he has acquired no duties or privileges other or further than those prescribed for the office of county surveyor, and, so far as he may undertake to transcend those duties, he has no greater right than any other private citizen. This being the case, the relators have a full and adequate remedy at law. The former decision dismissing the case is right and should be adhered to.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former decision dismissing the case be adhered to.

DISMISSED.