No. 27,387.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Plaintiff,* v. C. D. DARNALL, Commissioner of Waterworks and Street Lighting of Kansas City, *Defendant.*

MEMORANDUM DECISION.

Original proceeding in quo warranto. Opinion filed June 11, 1927. Writ of ouster granted.

*William A. Smith,* attorney-general, and *L. M. Resler,* assistant attorney-general, for the plaintiff.

*James F. Getty* and *J. H. Brady,* both of Kansas City, for the defendant.

The decision of the court was announced by

BURCH, J.: The action is one of quo warranto, commenced by the state on the relation of the attorney-general, to oust defendant, C. D. Darnall, from the office of commissioner of waterworks and street lighting of the city of Kansas City, Kan.

After the pleadings had been settled, the court appointed Hon. Thomas C. Wilson, of Wichita, a commissioner to take the evidence and report to the court findings of fact and conclusions of law covering the issues in the case. The seventh, eighth and ninth findings of fact and the conclusion of law reported by the commissioner follow:

"SEVENTH.

"SIXTH CAUSE OF ACTION. On or about September 15, 1925, C. D. Darnall, commissioner of waterworks and street lighting of said city, insured his personally owned automobile, a Hudson brougham, against fire, theft, collision, and property damages, in the Hartford Accident and Indemnity Company. The premium on this insurance amounted to $160.33, and was paid out of the city funds upon a bill rendered by Thomas A. Bigger on October 24, 1925. This bill was voted for, approved, and paid by the city commissioners. The defendant, Darnall, recovered from the company the sum of $954 to cover his loss. This bill was an unlawful charge against the city of Kansas City, Kan., and knowingly so by C. D. Darnall, this defendant, and constituted willful misconduct on the part of the defendant, C. D. Darnall.

"EIGHTH.

"SEVENTH CAUSE OF ACTION. Commissioner C. D. Darnall filed a verified bill against the city for $449.70, for his alleged expenses in making a trip, as commissioner of waterworks and street lighting, to the national electric light

Quo Warranto, 32 Cyc. pp. 1424 n. 79, 1461 n. 94.

State, *ex rel.*, v. Darnall.

convention, held in the city of San Francisco in June, 1925. This bill was paid in full out of city funds. Your commissioner finds that this bill was a false bill, excessive, and knowingly padded by the defendant, C. D. Darnall, and constitutes gross and willful misconduct on the part of the defendant, C. D. Darnall.

"NINTH.

"EIGHTH AND NINTH CAUSES OF ACTION. The defendant, C. D. Darnall, was at his camp at La Cygne, Kan., from about 7:30 o'clock Sunday night until four o'clock Monday morning, and your commissioner finds that, according to the testimony of George W. Schiller and Ray Leahy, the defendant opened a bottle of intoxicating liquor and drank therefrom, and your commissioner is further of the opinion that the defendant, C. D. Darnall, caused intoxicating liquors to be transported from Kansas City, Kan., to his clubhouse at La Cygne, Kan.

"CONCLUSION OF LAW.

"The defendant, C. D. Darnall, as commissioner of waterworks and street lighting, is guilty of willful misconduct, and judgment of ouster should be entered against him."

Defendant filed a motion for new trial, and filed a motion to vacate the findings, on the following grounds:

"*First.* Because findings of fact seventh, eighth and ninth are not supported by the evidence, but are contrary to the evidence.

"*Second.* Because on the whole of the evidence the findings of fact, conclusions of law, and the decision of the commissioner, should have been for the defendant.

"*Third.* Because the facts and conclusions of the commissioner as found and filed herein are contrary to the facts adduced at the trial and the law applicable to the case."

The state moved for judgment on the commissioner's report. Printed briefs were filed, and the cause was orally argued by counsel representing the state and the defendant. The court has fully considered the evidence taken by the commissioner. It would serve no useful purpose to review the evidence here, and it is sufficient to say that the court approves the commissioner's findings.

The statute on which the proceeding is based reads as follows:

"Every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township, or city office, who shall willfully misconduct himself in office, or who shall willfully neglect to perform any duty enjoined upon such officer by any of the laws of the state of Kansas, or who shall in any public place within or without the state be in a state of intoxication produced by strong drink voluntarily taken, or who shall engage in any form of gambling, or who shall commit any act constituting a violation of any penal statute involving moral turpitude, shall

forfeit his office and shall be ousted from such office in the manner hereinafter provided." (R. S. 60-1609.)

The court finds from the evidence that defendant has willfully misconducted himself in office, and has committed an act constituting a violation of a penal statute involving moral turpitude.

The motions of defendant are denied, the motion of the state is sustained, and the judgment is that defendant be and hereby is ousted from office.

HARVEY, J., not sitting.