## STATE EX REL. GEORGE H. LOMMEN v. LESLIE M. GRAVLIN AND ANOTHER.[1]

January 6, 1941.

No. 32,801.

*George H. Lommen, pro se.*

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, and *George B. Sjoselius,* Special Assistant Attorney General, for respondents.

STONE, JUSTICE.

In this proceeding in the nature of *quo warranto,* the information and alternative writ are challenged by respondents' demurrers and motions to quash.

August 28, 1940, the governor, as commander-in-chief of the military and naval forces of the state, formally directed the adjutant general to "proceed at once with the organization, training and equipping of a State Defense Force from the Unorganized Militia as provided" by 1 Mason Minn. St. 1927, §§ 2399, 2404, 2407. The purpose was to create a substitute for the National Guard as and

[1]Reported in 295 N. W. 654.

when the latter is ordered into active duty outside of the state in the federal service.

Considering that an emergency existed (see 3 Mason Minn. St. 1940 Supp. § 53-18e), respondent Gravlin, as commissioner of administration, proposes, without competitive bids, to purchase "cotton and woolen cloth for uniforming approximately 5,350 officers and men" for prices far in excess of $500. So reads the information. Other and related actions of the commissioner of administration are also challenged. But the main purpose of the information is to prevent the purchase of the material for uniforms without competitive bidding. Such course, in the absence of emergency, would be a violation of the statute. 3 Mason Minn. St. 1940 Supp. § 53-18e. Respondent King, as state auditor, is joined in the effort to prevent what is considered by relator an illegal expenditure of public funds.

The objection, raised by the demurrer and motion to quash, is well taken. It is that the writ of *quo warranto* is not allowable as preventive of, or remedy for, "official misconduct and can not be employed to test the legality of the official action of public or corporate officers." High, Extraordinary Legal Remedies (2 ed.) § 618, p. 485. The authorities generally accord with this rule. People ex rel. Farrington v. Whitcomb, 55 Ill. 172; McDonough v. Bacon, 143 Ga. 283, 84 S. E. 588; State v. Scott, 70 Neb. 681, 97 N. W. 1021; Attorney General v. Lyons, 220 Mass. 536, 108 N. E. 356: State ex rel. Landis v. Valz, 117 Fla. 311, 157 So. 651. Their unanimity has been recognized if not approved by this court. State ex rel. Childs v. Board of Co. Commrs. 66 Minn. 519, 530, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L. R. A. 745.

There is no occasion to determine whether an information in the nature of *quo warranto* is a proper remedy where the official misconduct alleged would *ipso facto* be ground for forfeiture of the office. See 51 C. J. pp. 319, 320; Royall v. Thomas, 28 Gratt. (Va.) 130, 26 Am. R. 335; State ex rel. Smith v. Darnall, 123 Kan. 643, 256 P. 974. That question is not presented. No franchise or right to office being involved, the case is not one for a writ of *quo war-*

*ranto.*  Hence the demurrers to the information must be sustained and the motions to quash the alternative writ granted.

So ordered.

MR. JUSTICE LORING took no part.