## Commonwealth v. Peoples

*Ledward & Hinkson,* for rule.

*Geary & Rankin,* contra.

SHULL, P. J., forty-third judicial district, specially presiding, March 5, 1941.—On September 20, 1940, William B. McClenachan, Jr., District Attorney of Delaware County, presented his petition or suggestion praying as follows:

"Your petitioner, therefore, respectfully prays that your Honorable Court shall direct the issue of a writ of quo warranto directed to the said Clifford H. Peoples to show by what authority he claims to exercise the office of Mayor of the City of Chester in said County of Delaware, and after appropriate proceedings to enter judgment that the said Clifford H. Peoples be ousted and altogether excluded from the office of Mayor of the City of Chester aforesaid, and to enter such further order as to your Honorable Court may appear just and proper."

In pursuance of this suggestion, the court entered the following order, to wit: "And now, September 20, 1940, the petition of the Commonwealth of Pennsylvania ex rel. William M. McClenachan, Jr., District Attorney for the County of Delaware, having been presented, it is ordered that a writ of quo warranto shall issue in the above proceedings directed to the above-named Clifford H. Peoples to appear before our court to be holden at Media, Pa., in and for the County of Delaware, on the 11th day of Octo-

ber 1940 next, at ten o'clock a.m., and then and there to show by what authority the said Clifford H. Peoples claims to exercise the office of Mayor for the City of Chester in said County of Delaware," and writ of quo warranto issued.

The basis of the suggestion upon which the above order and decree was entered and the writ of quo warranto issued is that respondent, duly elected Mayor of the City of Chester, accepted appointment as a member of the Chester Municipal Authority and as such member of the Chester Municipal Authority accepted a salary of $1,200 per year. On December 12, 1940, respondent filed a demurrer to this petition or suggestion.

On December 20, 1940, petitioner presented an amended suggestion and asked leave to file the same, which leave was granted and the matter is now before the court upon a rule to show cause why the amended suggestion should not be stricken from the record.

The right to amend a petition or suggestion exists under the law and is so well established that it requires no citation of authority. The question here raised does not go to the right of amendment but to the point that the amendment, or amendments, introduce a new cause of action, and it is contended by respondent that an amendment introducing a new cause of action may not be permitted. The authorities cited by respondent cannot be construed by us to hold it to be the law that an amendment of the type here presented may not be permitted. This amendment, as respondent contends, brings into the action by allegation matters foreign to those alleged in the original petition, and if they have any virtue it could be only as a new or additional reason for the issuing of the writ and basis for judgment of ouster.

The cause of action in this case is the right of respondent to hold the office in question. In a quo warranto proceeding against such public officer, the district attorney of the proper county in presenting a suggestion for a writ may set forth one, two, or more distinct things,

each of which standing by itself, if established by proper proof, may work a forfeiture of office and be a basis for a judgment of ouster. He may add things of that type by amendment to the original suggestion, subject, of course, to leave of court after the writ has issued. Where such writ is issued in the name of the Commonwealth upon the suggestion of the district attorney and directed to one exercising the functions of public office, the burden of establishing his right to exercise such office falls upon respondent and, as we view it, the door must be opened to the Commonwealth to present in a suggestion for a writ of quo warranto any and every fact or state of facts which under the law would establish either usurpation of office without right or a forfeiture of office by one who had been duly elected or appointed, which under the law would be a basis for a judgment of ouster. While there is sound reason for holding that pleadings in an action of assumpsit or an action of trespass be confined to one cause of action, the reasons applying there are not applicable to a suggestion for a writ of quo warranto by reason of the difference in the nature of the proceeding. Various independent acts or omissions by one holding public office may be alleged in a suggestion for a writ of quo warranto and they may be entirely unrelated to other allegations in the suggestion, provided, however, that each independent act or omission alleged, if proven, must be such as would work a forfeiture of the office. The amended suggestion filed in this case sets forth matters which do not in any way go to the questions raised by the original suggestion but, for the reasons above set forth, we feel that it is within the discretion of this court to permit this amendment and, could we see that it alleges facts which if proven would, under the law, work a forfeiture of office and be a basis for a valid judgment of ouster, we would permit this amendment to stand, but, as we view it, this amendment does not either tend to clarify or explain or support the allegations, or any allegation, of the original suggestion nor does it set forth facts which under the law

could warrant a judgment of ouster and, therefore, it could but tend to befog the real issues. Quo warranto "is only employed to test the actual right of an office or franchise [and] it follows that it can afford no relief for official misconduct and cannot be employed to test the legality of the official action of public officers," who have been regularly elected or appointed to office unless such misconduct works a forfeiture of the office: Commonwealth ex rel. v. Becker, Sheriff, 5 Lack. Jur. 115. In the case of Cleaver et al. v. The Commonwealth ex rel., 34 Pa. 283, 285, our Supreme Court said:

"In the present case, the respondents were the legally elected commissioners of Washington county, and the acts alleged against them were performed in the ordinary discharge of their official duties. No Act of Assembly has been pointed out to us showing that the assessment of the tax in question, and the proceedings relative thereto, and for its collection, create a forfeiture of their offices; and the action of the court proceeded entirely upon what we have shown to be an erroneous construction of the first clause. As, therefore, these respondents were legally elected, and were *de jure* officers, and there is nothing in the case showing that they have forfeited their offices, the judgment of the court below must be reversed, and the respondents restored to their offices."

We have before us the case of Commonwealth v. Allen et al., 70 Pa. 465, 471, in which our Supreme Court said:

"It now remains to inquire into the case before us, and to see whether there is anything in the city charter which excludes the exercise of the power of the courts. Nicholas Shane became a city councilman in January 1870, for the term of two years. William S. Allen and Henry Huhn became councilmen in January 1871, for two years. On the 16th of December 1869, these gentlemen became sureties in the official bond of Joseph F. Marcer, city treasurer. By the Act of 31st March 1860, section 66, Purd. 229, pl. 74, it is made unlawful for any councilman of any corporation or municipality to be the surety of

any treasurer of the corporation, and any person violating this provision 'shall forfeit his membership in such corporation, municipality or institution and his office or appointment thereunder, and shall be guilty of misdemeanor, and on conviction thereof be sentenced to pay a fine not exceeding five hundred dollars.' The defendants fall literally within the terms of the law:—It shall not be lawful for a councilman to be the surety of the treasurer. He cannot, at one and the same time, be both. While the bond lasts the relation of principal and surety continues, and in becoming a councilman the unlawful relation begins. He is then surety and councilman at the same time, and as a consequence the law forfeits the office. It is the purpose of the law to cut off all opportunities for the councilman to aid his principal in the bond, either by doing or forbearing to do that which duty would require, yet which self-interest might forbid. The demurrer admits the fact charged in the suggestion and, as a consequence, the forfeiture; but denies the power of the writ of quo warranto to remove the offender from the office he has forfeited. Forfeiture arises in the unlawful relation, not upon the conviction for the misdemeanor. The consequence of conviction is the fine, but this does not enforce the forfeiture. If conviction of the misdemeanor be necessary to declare the forfeiture, it follows that neither court nor council can purge the body of the unlawful relationship. The position would pluck up by the roots the power claimed for the council to judge of the qualification of its members. Still less forcible is the argument that conviction must precede the quo warranto. It issues to inquire not into the misdemeanor, but into the rights of the member to continue in office. The proceeding itself provides for the trial of disputed facts. By the ninth section of the act, Purd. 833, pl. 9, the defendant may traverse all or any of the material facts contained in the suggestion as in other cases, and the person at whose instance the writ issues shall reply, take issue or demur, and thereupon issue shall be joined in the cause as in other causes.

Quo warranto is a proceeding at law, and the fact which determines the defendant's right to his office, or the loss of it, is triable by a jury, as in other legal proceedings, so that conviction is entirely unnecessary, and not essential to give jurisdiction to the court. The error in applying to such a case the doctrine of Huber *v.* Reily, 3 P. F. Smith 112, is in failing to remember that quo warranto is a legal proceeding before a competent court of law to determine the forfeiture, where the party has his day in court, and a due jury trial according to the course of the common law."

This case deals with offenses created by an act of legislature, which act prescribes a forfeiture of office for the commission of the acts therein set forth and also provides a penalty upon conviction and was based upon section 66 of the Criminal Code of March 31, 1860, P. L. 382, and it provides:

"It shall not be lawful for any councilman, burgess, trustee, manager or director of any corporation, municipality or public institution, to be at the same time a treasurer, secretary or other officer, subordinate to the president and directors, who shall receive a salary therefrom, or be the surety of such officer, nor shall any member of any corporation or public institution, or any officer or agent thereof, be in anywise interested in any contract for the sale or furnishing of any supplies, or materials to be furnished to, or for the use of any corporation, municipality or public institution of which he shall be a member or officer, or for which he shall be an agent, nor directly nor indirectly interested therein, nor receive any reward or gratuity from any person interested in such contract or sale; and any person violating these provisions, or either of them, shall forfeit his membership in such corporation, municipality or institution, and his office or appointment thereunder, and shall be held guilty of a misdemeanor, and on conviction thereof be sentenced to pay a fine not exceeding five hundred dollars", but this section has been repealed and has been superseded by sec-

tion 682 of The Penal Code of June 24, 1939, P. L. 872, which provides:

"Whoever, being a councilman, burgess, trustee, manager or director of any corporation, municipality, or public institution, and at the same time the treasurer, secretary or other officer, subordinate to the president and directors of the corporation or governing body of the municipality or public institution, and receives a salary therefrom, or at the same time the surety of any such officer; or whoever, being a member of any corporation, municipality or public institution, or any officer or agent thereof, is in anywise, directly or indirectly, interested in any contract for the sale or furnishing of any supplies or materials to be furnished to or for the use of such corporation, municipality or public institution of which he is a member or officer, or for which he is an agent, or receives any reward or gratuity from any person interested in such contract or sale, is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both, and forfeit his office in such corporation, municipality or institution."

The legislature, in The Penal Code of 1939, has seen fit to provide forfeiture of office upon conviction, while the Act of 1860 provided forfeiture if the acts were done. For this reason, this case does not fall within the principle governing the case of Commonwealth v. Allen et al.

While quo warranto lies for unlawful conduct on the part of public officers whether under the common law or statute law of this Commonwealth, if the offense be one working a forfeiture of office, it is our view that where by statute any act or a failure to perform a duty by a public officer is made a misdemeanor under the law and penalty provided by the act for violation of its provisions, and the penalty as provided, in addition to fine or imprisonment, or both, is that upon conviction the offender shall forfeit his office, the legislative intent that the of-

fense shall work a forfeiture of office as by act provided, i. e., upon conviction, is manifest that only upon conviction shall a forfeiture be worked.

The case before us falls within the rule laid down by our Supreme Court in the case of Huber v. Reily, 53 Pa. 112, 119, where the court said:

"The law, as it stood when the Act of 1865 was passed, had provided a tribunal in which alone the crime of desertion could be tried, and by which alone the penalties for desertion could be inflicted. The consequences of conviction may be noticed in other courts, but the tribunal appointed by the law for that purpose is the only one that can determine whether the crime has been committed, and adjudge the punishment."

For these reasons, the rule before us should be made absolute.

And now, March 5, 1941, rule to show cause why the amended petition filed in this case should not be stricken off is made absolute and the amended petition filed December 20, 1940, is stricken off.