364 P.2d 128

STATE of New Mexico ex rel. W. B. WHITE, Ulman Davis and Dorothy Swanner, Plaintiffs-Appellees,

v.

Helen CLEVENGER, Florence G. Cole, Joseph Overy, Edwin L. Cole and Helen LaRue, and God's House of Prayer, Inc., a corporation, Defendants-Appellants.

No. 6838.

Supreme Court of New Mexico.

Aug. 15, 1961.

An action was commenced in the district court of Lea County by W. B. White, Ulman Davis, and Dorothy Swanner to remove the individual defendants as directors of a corporation known as God's House of Prayer, Inc., a non-profit corporation organized under the statute authorizing the incorporation of non-profit corporations for religious, benevolent and charitable purposes. Its principal purposes are to maintain a place or places of worship and of residence for ministers of the church and to support the doctrine of God's House of Prayer. The grounds alleged for removal were that the directors had breached their duties in administering a charitable trust and were unfit and incompetent to hold the office of directors. The answer alleged lack of capacity in the plaintiffs to maintain the action and, after the taking of depositions, the trial court entered an order treating the answer as a motion for summary judgment and dismissed the action but, by a second paragraph thereof, provided that the attorney general or some appropriate person might file an amended complaint within 30 days. Thereafter, although not within 30 days, the attorney general filed what was termed an amended complaint and which he insists is an action in quo warranto seeking to remove the individual defendants as directors. After trial on the merits, a judgment was entered removing the individual defendants as directors, appointing a receiver for the

Earl E. Hartley, Atty. Gen., Boston E. Witt and Norman S. Thayer, Jr., Asst. Attys. Gen., for appellees.

Rowley, Davis Hammond & Murphy, Clovis, Williams, Johnson & Houston, Hobbs, for appellants.

NOBLE, Justice.

corporation and assessing costs in the sum of $947.11. The judgment was based upon findings of fact that certain directors were paid unauthorized compensation; that title to a Cadillac automobile was taken by one director without authorization; that certain directors failed to take an active part in the administration of the trust; that the directors failed to keep or require proper accounting or records; and, that the directors thereby breached the trust imposed upon them by law and should be removed from office. This appeal results from that judgment.

The property of the corporation all came from inter vivos gifts and through the will of C. R. Davis, the founder and one of the original directors of the corporation. All of the gifts were to the corporation without restriction as to their use. The articles of incorporation named the five directors whose terms were for life with provision that vacancies should be filled by the remaining directors.

█ The right of the attorney general to maintain this action seeking to remove the directors of the religious corporation for alleged misconduct in office is challenged. We think the principle, that a court cannot on its own initiative remove an officer for misconduct, is so well established as to need no citation of authority. Such a proceeding can only be brought by one having the requisite interest therein or the statutory right or authority. If the attorney general did not have the right or authority to maintain this action, then the question as to whether the acts of the individual defendants, as directors of the religious corporation, constituted grounds for their removal from office is not an issue on this appeal. It follows without saying that unless the attorney general had the right and capacity to maintain the action, the court is without jurisdiction.

We take the case on appeal on the issues made by the parties and with the construction placed by appellee upon his own pleadings. Appellee rests his entire claim in support of his right to bring the action upon the authority granted by Sec. 22–15–4, N.M.S.A.1953 Comp. (a part of the quo warranto statutes), the pertinent portion of which reads:

"An action may be brought by the attorney general * * * in the name of the state, upon his [own] information or upon the complaint of any private person, against the parties offending in the following cases:

"(a) When any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state: or

"(b) * * *".

The question for determination, in the first instance, is whether quo warranto is a proper remedy to test the illegality of acts or misconduct of an officer as grounds for removal from office.

Appellee strenuously urges that this case comes squarely within the above statute and that the action was brought and tried as one in quo warranto, both upon his own information and upon the complaint of private persons, and asserts that "the basis of the action is an unlawful exercise of the office of director, that is, the doing of acts contrary to the purposes for which the corporation was formed * * *" and that quo warranto is a proper remedy to test whether a corporate director may be removed for alleged misconduct in office. No contention is made that the directors were not lawfully appointed or elected, nor that they were entitled to assume the office of director. The gist of the complaint is that because of alleged acts of misconduct as directors, they should be removed from office and other directors appointed by the court to administer the trust. The term employed in the statute, "unlawfully hold or exercise * * any office * * * in a corporation * *" refers to the right of one to act as an officer and not to the acts of the officer in the discharge of his duties, where such acts do not ipso facto operate as, or amount to a forfeiture of the office. The right or title of the directors to the office in the corporation in the first instance is not questioned. It is only contended that because of their misconduct in the exercise of the office, they should be removed. Misconduct of an officer does not of itself amount to a forfeiture of the office. An officer rightfully in office can only be removed for misconduct in a proper proceeding. The word, "exercise" as used in the statute has long had a definite and established meaning and as there used is the equivalent of "usurp" but includes the actual executing of the office so usurped. By quo warranto, the respondent is called upon to show by what authority he claims to exercise the office. Cleaver v. Commonwealth, 1859, 10 Casey 283, 34 Pa. 283. See State ex rel. Brister v. Weston, 241 Wis. 584, 6 N.W.2d 648.

Quo warranto is not a proper remedy to test the legality of the acts of an officer or his misconduct in office, nor to compel, restrain, or obtain a review of such acts unless they amount to a forfeiture of the office, where neither the title to the office nor the right to a franchise is involved. People ex rel. Chillicothe Tp. v. Board of Review of Peoria County, 19 Ill.2d 424, 167 N.E.2d 553, nor will quo warranto lie to prevent or restrain an illegal act by an officer. State ex rel. Lommen v. Gravlin, 209 Minn. 136, 295 N.W. 654; High, Extraordinary Legal Remedies, 3rd Ed., Sec. 618.

Acts of misconduct by an officer, even for which he may be subject to removal in

a proper proceeding, do not necessarily and ipso facto operate as a forfeiture of the office so as to permit quo warranto to test his right to the office.

In the instant case, the articles of incorporation provide that each director shall be a member of God's House of Prayer and that three of the directors shall be residents of the State of New Mexico. Under the articles of incorporation, only failure to be or continue to be a member of the church or removal of one of the resident directors from New Mexico would operate ipso facto as a forfeiture of the office of director. We have not been cited any statutory ground of forfeiture. The misconduct here alleged is not such as to ipso facto constitute a forfeiture of the office of director.

In view of our holding that quo warranto is not a proper remedy to test alleged misconduct of a corporate officer as grounds for removal, other questions argued need not be determined on this appeal.

The cause will be remanded with instructions to vacate the judgment and to enter a judgment dismissing the action. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and MOISE, JJ., not participating.