F I L E D
**United States Court of Appeals
Tenth Circuit**

**APR 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STATE OF NEW MEXICO, ex rel.
RICHARD TAST,

      Plaintiff-Appellant,

v.

GAMING CONTROL BOARD, State
of New Mexico, each member thereof
at times pertinent; MADONNA N.
BIXBY, individually and as Executive
Director; PEGGY HARDWICK, as
Counsel for the Gaming Control
Board; OFFICE OF THE NEW
MEXICO GOVERNOR,

      Defendants-Appellees,

   and

OFFICE OF THE NEW MEXICO
ATTORNEY GENERAL; J. KEVIN
KISER, as Hearing Official for the
Gaming Control Board,

      Defendants.

No. 03-2150
(D.C. No. CIV-03-312 JP/LFG)
(D. N.M.)

**ORDER AND JUDGMENT** *

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and

(continued...)

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

Plaintiff Richard Tast, proceeding pro se, appeals the district court's order dismissing his complaint against the following defendants: Gaming Control Board (Board), Madonna N. Bixby, Peggy Hardwick, and Office of the New Mexico Governor. We exercise jurisdiction under 28 U.S.C. § 1291 and **AFFIRM** .

Tast applied to the Board for a work permit to allow him to work at a New Mexico gaming facility, which permit the Board denied and affirmed its denial on administrative appeal. When the attorney general and district attorney refused his request to take legal action to redress denial of the work permit, Tast filed this civil rights lawsuit under N.M. Stat. Ann. § 44-3-4, which authorizes quo warranto causes of action. A quo warranto cause of action permits a private person to bring a suit in the name of the state when the attorney general or district attorney refuses to act:

> A. when any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state; or,

---

[*](...continued)
collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

B. when any public officer, civil or military, shall have done or suffered an act which, by the provisions of law, shall work a forfeiture of his office;

Id. The district court dismissed Tast's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Our review of an order dismissing a complaint for failure to state a claim under Rule 12(b)(6) is de novo. Hartman v. Kickapoo Tribe Gaming Comm'n, 319 F.3d 1230, 1234 (10th Cir. 2003). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because Tast is representing himself, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Tast asserts that the district court's judgment was based on the erroneous conclusion that the attorney general's or district attorney's refusal to file an action against an offending party must have been wrongful. He argues that any refusal, wrongful or not, authorizes a private party to bring a complaint in the name of the state pursuant to § 44-3-4. Consequently, Tast reasons, the fact that

-3-

the attorney general and the district attorney refused to take legal action to address his grievance demonstrates that he was entitled to file a quo warranto action.

Contrary to Tast's argument, however, the district court held that Tast could not maintain his suit because the relief he sought, a private remedy and damages, is not authorized by § 44-3-4. Quo warranto is used to correct "the usurpation, misuser, or nonuser, of a public office," State ex rel. Martinez v. Padilla , 612 P.2d 223, 226 (N.M. 1980) (citation omitted), or to "ascertain whether one is constitutionally authorized to hold the office he claims," State ex rel. N.M. Judicial Standards Comm'n v. Espinosa , 73 P.3d 197, 198 (N.M. 2003) (quotation omitted). It is "not a proper remedy to test the legality of the acts of an officer or his misconduct in office, nor to compel, restrain, or obtain a review of such acts . . . ." State ex rel White v. Clevenger , 364 P.2d 128, 131 (N.M. 1961). Because § 44-3-4 does not authorize the relief Tast seeks, the district court properly dismissed the complaint under Rule 12(b)(6).

Moreover, because the complaint was dismissed as failing to state a claim under § 44-3-4, the court did not reach the additional substantive allegations Tast now presses on appeal. [1] We also do not address those issues because we find no

_____

[1] Specifically, Tast argues that: (1) the regulation prohibiting him from reapplying for a work permit is invalid as a "bill of pains and penalties"; (2) he is

(continued...)

error in the district court's ruling that Tast cannot receive relief "to correct the wrong done to him" in an action filed under § 44-3-4. (Appellant Brief at 9); see Clevenger , 364 P.2d at 131.

Tast also complains that the district court improperly denied relief on his motions and denied his request for a hearing. To the extent Tast claims that the magistrate judge ruled against his motions due to bias or other improper motive, we reject Tast's claim because "adverse rulings cannot in themselves form the appropriate grounds for disqualification," and because Tast did not request recusal. Green v. Branson , 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted). We also find no error in the district court's decision to grant the Rule 12(b)(6) motion without a hearing because the issues involved only questions of law and there is no right to an oral hearing under Rule 12(b)(6). Steele v. Fed. Bureau of Prisons , 355 F.3d 1204, 1214 (10th Cir. 2003).

Tast's vague suggestion that the district court was without authority to enter the orders now on appeal is also rejected. Tast has not provided the requisite argument and pertinent legal authority to invoke our review. See

[1](...continued)
a member of an easily ascertainable segment of society singled out for punishment; (3) the district court usurped its constitutional powers; and (4) defendants conspired (a) to deprive him of his constitutional right to life, liberty and the pursuit of happiness, (b) to deprive him of his right to be free of a life-long restraint against his liberty, and (c) to hold him as chattel property under unlawful regulations.

Phillips v. Hillcrest Med. Ctr., 244 F.3d 790, 799 n.10 (10th Cir. 2001) (declining to consider appellate argument not supported by any authority, legal or otherwise). Finally, we do not consider Tast's "Notice to the Court of Recently Acquired Evidence Essential for Decision," because that information was not first presented to the district court. Cf. John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (holding an appellate court cannot consider evidence not before the district court in reviewing summary judgment). Furthermore, the proffered information does not affect our conclusion that Tast's claims are improvidently brought under § 44-3-4.

**AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge