ADLER *v.* JUDGE OF RECORDER'S COURT OF DETROIT.

1. COURTS—MUNICIPAL COURTS—EQUITABLE JURISDICTION.
   The recorder's court of the city of Detroit has, under Act No. 326, Local Acts 1883, as amended, providing for such court, no equitable jurisdiction, and an order of such court that building contractors refrain from continuing with their work until such court reaches a decision in a case relating to a violation of the building code is the equivalent of an injunction in that it restrains such contractors from proceeding with the work of the erection of the building, and consequently is beyond the jurisdiction of such court, as the authority to grant injunctions is inherent in a court of equity.

2. MANDAMUS—QUESTIONS CONSIDERED.
   In mandamus proceedings to set aside an order of the recorder's court of the city of Detroit restraining contractors from doing work on a building until a case in such court relating to a violation of the building code is decided, it will not be determined whether the department of buildings has acted wisely in neglecting to commence a proceeding in a court of equity. OSTRANDER, J., dissenting.

Mandamus by Jacob Adler and Benjamin Rush to compel William F. Connolly, judge of the recorder's court of the city of Detroit, to vacate an order restraining the construction of a building. Submitted June 26, 1917. (Calendar No. 27;985.) Writ granted July 18, 1917.

*J. Shurly Kennary*, for plaintiffs.
*James H. Lee*, for defendant.

FELLOWS, J. Plaintiffs, having submitted their plans and specifications, received on October 21, 1916, from the department of buildings of the city of Detroit, pursuant to the building code of that city, a permit for the erection of a building at the northwest corner of Woodward and Collingwood avenues, the building to consist of 7 stores on the ground floor and 14 apartments on the second and third floors. Plaintiffs let to various contractors the contracts involving the construction of the building, and on May 28, 1917, they allege in their petition, they had expended $60,-000 thereon. There seems to have been no complaint by the department of buildings as to the construction of the building, but upon the complaint of one Ross, a person wholly disassociated with such department, on May 25th, a summons issued out of the recorder's court was served on plaintiffs, returnable May 28th, requiring them to answer such complaint for a violation of the building code. On the return day they appeared and asked for an adjournment of the case until June 4th. Their application for this adjournment was granted on condition that they discontinue work in the meantime. They allege they had no alternative under the order than to stop work or go to trial without preparation, and so consented to discontinue work until the 4th. On the 4th of June the case was adjourned to the 7th, then to the 11th, and from time to time since, and is still pending.

On June 7th defendant made an order that no more work be done on the building until the case was decided. The return does not clearly state whether this order was consented to or not, but it was conceded on the argument that this order was not consented to by plaintiffs, and the transcript of the proceedings of June 11th shows that plaintiffs asked that such order be vacated, which request was refused by defendant.

It is sought by this proceeding to set aside the order of the recorder restraining plaintiffs from doing any more work on the building until the case is finally decided.

The recorder's court of the city of Detroit was provided for by the charter of that city (Act No. 326, Local Acts 1883, as amended). It was not given equity jurisdiction, and we do not understand it to be claimed that it has such jurisdiction as a necessary incident.

The order of the recorder here involved operates as an injunction in restraining the plaintiffs from proceeding with the work of erecting their building. The authority to grant injunctions is inherent in a court of equity, but it is not inherent in the recorder's court of the city of Detroit, nor is it given either by express grant or as a necessary incident to its power.

Authority is given the department of buildings by the terms of the building code to revoke permits, and to stop construction after notice and hearing; and the building code authorizes the department of buildings to proceed in a court of competent jurisdiction to restrain disobedience of such order to stop construction. This provision authorizes a proceeding in a court of equity at the instance of the department of buildings, but no such proceeding has been instituted. We cannot in this proceeding inquire whether the department of buildings has acted properly or not, much less may the judicial branch of the government assume to itself the discharge of those functions which, under the di-

vision of powers, belong to a co-ordinate branch of the government.

The order of the recorder restraining the plaintiffs from proceeding with the construction of their building pending the hearing of the case brought against them for a violation of the building code and entered in that case was entirely without authority and should be set aside. The writ will issue as prayed. No costs will be awarded.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred with FELLOWS, J.

OSTRANDER, J. (*dissenting*). The petition in this cause does not affirmatively state that the order complained about was entered in the recorder's court, which is a court of record. It was assumed when the order to show cause was granted that there was of record an order of that court. At the hearing it was agreed by counsel that the order complained about, and which this court is asked to set aside, is not matter of record at all, and was an announcement or declaration of the recorder, resting wholly in parol. How it can be enforced as a restraining order is not obvious, and is not made to appear, nor how its recall can be effected by an order of this court. Proceeding no further, it is clear, I think, that the order to show cause should not have been made, and that the petition therefore should be dismissed.

There is another, and the real, aspect of the matter, which, in view of the opinion of Mr. Justice FELLOWS, I shall briefly consider. The recorder did not exercise, or assume to exercise, equity jurisdiction in the matter, nor to grant an injunction, nor to issue a restraining order. He assumed to grant a continuance, and successive continuances, of a cause of which jurisdiction had been assumed, upon condition, which condition was orally, and not otherwise, expressed, and it

may be assumed that except with the condition no continuance would have been granted. He refused upon motion to set the condition aside. How the condition, as such, could be enforced, I do not know. It is not a point requiring any consideration. It is not pretended that there has been a violation of the admonition of the court, or an attempt to enforce it by any action of the court. The pretense is that plaintiffs are restrained by an order of court. There is no order of record. There is therefore none to be set aside or vacated by the order of this court. In this view I conclude also that the petition ought to be dismissed, with costs to the real respondent.