MAURICE TAYLOR *vs.* FRANCIS N. THOMPSON, Judge of Probate.

Suffolk. January 8, 1919. — February 27, 1919.

Present: RUGG, C. J., BRALEY, PIERCE, & CARROLL, JJ.

*Mandamus. Probate Court, Appeal. Feeble-Minded Person.*

A writ of mandamus will not be granted to compel a judge of the Probate Court to dismiss a claim of appeal from an order made by him.

Where it was held that a writ of mandamus would not be granted commanding a judge of the Probate Court to dismiss an attempted appeal from an order made by him committing a minor child to the Massachusetts School for the Feeble-Minded, it was *pointed out* that the petitioner for the commitment of the feeble-minded youth was not rendered helpless by the form of the respond-

ent's taking an appeal where no right of appeal existed, as he might move for an order of commitment forthwith notwithstanding the attempted appeal.

PETITION, filed on November 13, 1918, for a writ of mandamus addressed to the judge of the Probate Court for the county of Franklin, commanding him to disregard or to dismiss a claim of appeal from an order made by him committing Kostanti Nadolny, a minor child, to the Massachusetts School for the Feeble-Minded.

The case was heard by *Crosby,* J., who ruled that Kostanti Nadolny had no legal right of appeal from the finding and order of the judge of the Probate Court, that his rights, constitutional and otherwise, were not infringed because such appeal does not lie, but that his liberty and all his rights were fully safeguarded by the right given him under the statutes (St. 1909, c. 504, §§ 78–80, as amended by St. 1916, c. 122, §§ 3–5), to institute judicial proceedings for his release, if he was wrongfully committed or unlawfully restrained of his liberty. The single justice ordered that the writ should issue as prayed for and, at the request of the respondent and with the consent of the petitioner, reported the case upon the petition and answer for determination by the full court.

*J. A. Lowell & T. A. Lothrop,* for the petitioner, submitted a brief.

No counsel appeared for the respondent.

RUGG, C. J. This is a petition for a writ of mandamus to command the respondent, the judge of probate for the county of Franklin, to disregard or to dismiss a claim of appeal made in a proceeding under St. 1909, c. 504, § 63, as amended by St. 1916, c. 122, § 1, and St. 1917, c. 223, § 1, wherein Kostanti Nadolny, a minor child, on October 22, 1918, was adjudged to be feeble minded and ordered committed to the Massachusetts School for the Feeble-Minded. The petition further alleges that the said Kostanti, by his attorney and by his father as next friend, filed with the respondent a claim of appeal, and that the respondent erroneously has entertained the appeal upon the mistaken notion that he is bound to regard it under R. L. c. 162, § 9, and that his order of commitment is thereby stayed.

The petition does not on its face show a proper case for the issuance of the writ of mandamus. It was said in *Crocker* v. *Justices of Superior Court,* 208 Mass. 162, at page 164, with citation of authorities, "The writ of mandamus is an extraordinary

remedy, and is usually granted only when no other adequate relief can be afforded. It cannot be employed to supersede an appeal or exceptions in ordinary cases, and does not lie to review a final judgment. Proceedings of inferior tribunals within their jurisdiction in the exercise of the power confided in them cannot be revised in this way. It does not lie to correct errors committed in the course of trial, even though there be no remedy by exception or appeal." See *Casey* v. *Justice of Superior Court*, 229 Mass. 200. This principle prevails in the federal courts. In *Ex parte Roe*, 234 U. S. 70, at page 73, occurs this statement: "The accustomed office of a writ of mandamus, when directed to a judicial officer, is to compel an exercise of existing jurisdiction, but not to control his decision. It does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal." *Ex parte Park Square Automobile Station*, 244 U. S. 412. *Ex parte Slater*, 246 U. S. 128.

It is an express averment of the petition that an appeal has been taken by or in behalf of the minor under R. L. c. 162, § 9. That appeal will bring before this court the question here sought to have adjudged. If there is no right of appeal under the statute, the question there can be raised. It is averred that the appeal has not been entered in the Supreme Judicial Court. But at the time of filing the petition in the case at bar the time for entering such appeal had not expired. Provision is made by R. L. c. 162, § 24, for appropriate relief in case of failure to enter an appeal from the Probate Court or failure to prosecute it after entry. It is urged that, because under St. 1916, c. 122, § 1, the person cannot be received at the school after the expiration of thirty days from the date of the order of commitment, there can be no appeal. This argument is equally cogent against the issuance of the writ as prayed for, because that time now has expired. The petition does not set forth facts tending to show failure to exercise the judicial function on the part of the respondent, but merely a mistake of law in his effort to perform the duties of the magisterial office. It is a familiar principle that, although the writ of mandamus may be used, to set in motion the jurisdictional activity of a judicial officer to the end that a decision shall be

reached whenever he refuses for any reason to execute his power, yet it does not direct the action to be taken or the decision to be made. *Rea* v. *Aldermen of Everett,* 217 Mass. 427, 432. *Crocker* v. *Justices of Superior Court,* 208 Mass. 162, 164, 165.

Although in general the office of mandamus is not to control judicial discretion, it has been said that an exception arises when that discretion has been abused, and that "it is a remedy when the case is outside of the exercise of this discretion, and outside the jurisdiction of the court or officer to which or to whom the writ is addressed." *Virginia* v. *Rives,* 100 U. S. 313, 323. This exception, however, appears to have been much narrowed by later decisions. *Ex parte Harding,* 219 U. S. 363, 373. Whatever may be the law on this point, it is not applicable to the present case. It is contended in effect that it is so plain that there is no right of appeal that the recognition of the attempted appeal is an excess of jurisdiction by the respondent which ought to be remedied. However sound this contention may be respecting the position of the respondent as to the right of appeal under R. L. c. 162, § 9, see *Dowdell, petitioner,* 169 Mass. 387; *Amherst* v. *Shelburne,* 11 Gray, 107; *Louisville & Nashville Railroad* v. *Schmidt,* 177 U. S. 230; *Simon* v. *Craft,* 182 U. S. 427, 436; *Sporza* v. *German Savings Bank,* 192 N. Y. 8; St. 1916, c. 122, §§ 3–5; R. L. c. 87, § 118; St. 1909, c. 504, the averments of this petition do not bring the case at bar within the class in which resort may be had to the writ of mandamus, even under a broad conception of its scope.

It hardly need be added that a petitioner in a proceeding like the present is not rendered helpless by the form of taking an appeal. A motion for the issuance of an order of commitment forthwith notwithstanding the attempted appeal would have put him in a position to litigate the question on his own account.

*Petition dismissed.*