MICHIGAN TRUST CO. *v.* OTTAWA CIRCUIT JUDGE.

1. TRUSTS—ORDER OF PROBATE COURT—JUDGMENT.
   Where, upon final accounting of a trustee, an order of the probate court that said trustee turn over certain property and pay a certain sum of money to plaintiff was not appealed from nor rehearing applied for within 90 days, under 3 Comp. Laws 1915, § 13764, said order finally fixed the rights of the parties.

2. COURTS — TRUSTS — JURISDICTION — PROBATE COURT — CIRCUIT COURT.
   Where, over a year after the entry of an order by the probate court, which had become final, plaintiff applied for leave to sue on the trustee's bond because said order had not been complied with, the probate court was powerless to vacate or change said order, and the circuit court, exercising appellate jurisdiction, was equally powerless so to do; Circuit Court Rule No. 31, § 8, not being applicable.

3. SAME—UNWARRANTED ORDER — ACQUIESCENCE — JURISDICTION OF CIRCUIT COURT.
   Plaintiff's acquiescence in the unauthorized order of the circuit court, on appeal, granting said trustee an extension of 30 days within which to comply with the order of the probate court before suit should be brought on his bond, did not authorize a second extension of time or further acts beyond the jurisdiction of the court.

4. MANDAMUS—INTERLOCUTORY ORDER—UNAUTHORIZED ORDER.
   Mandamus is the proper remedy to review an unauthorized interlocutory order of the circuit court, the effect of which is to stay proceedings.

Mandamus by the Michigan Trust Company, administrator of the estate of Roscoe C. Hoffman, deceased, to compel Orien S. Cross, circuit judge of Ottawa county, to vacate an order extending the time to comply with an order of the probate court. Submitted November 6, 1920. (Calendar No. 29,420.) Writ granted December 21, 1920.

*Norris, McPherson, Harrington & Waer,* for plaintiff.

*Clapperton & Owen,* for defendant.

Per Curiam. On February 25, 1918, Clayton H. Hoffman, as trustee, was by the probate court of Allegan county, upon a final accounting of his trusteeship, ordered to turn over certain property and pay a certain sum of money to plaintiff. From this order no appeal was perfected. The order was not complied with and on May 10, 1919, plaintiff asked leave of the probate court to bring suit on Mr. Hoffman's bond. Leave was granted and Hoffman appealed. The circuit court for the county of Allegan on March 8, 1920, affirmed the order of the probate court granting such leave, but granted Hoffman 30 days in which to comply with the probate order of February 25, 1918. On May 15, 1920, plaintiff brought suit in the circuit court for the county of Allegan on the bond. On September 18th the defendant made a further order extending Hoffman's time to comply with the probate order of February 25, 1918, until October 9th. Plaintiff here applies for mandamus to compel the setting aside of this last named order.

The order of the probate court of Allegan county made February 25, 1918, finally fixed the rights of the parties unless appealed from or a rehearing was applied for within 90 days under section 13764, 3 Comp. Laws 1915. Mr. Hoffman took neither course. Over a year after its entry plaintiff applied for leave to sue on the bond. The probate court was then powerless to vacate or change its order of February 25, 1918, and the circuit court exercising appellate jurisdiction was equally powerless so to do. Section 8, Circuit Court Rule No. 31, is not applicable. Plaintiff, however, acquiesced in the order in that it did not bring suit on the bond until the time fixed had expired.

It appears that the order complained of was entered because Mr. Hoffman and his attorneys did not have notice of the order of March 8th until after suit was brought on the bond. We are pointed to no statute or rule requiring notice to be given by the county clerk of the entry of orders. The question before us is one of power rather than one of discretion. It is also urged that the order of March 8th was *res adjudicata.* Indeed both parties contend for this doctrine. We do not perceive the applicability of the doctrine of *res adjudicata.* The plaintiff acquiesced in the extension of time to the extent at least that it deferred bringing its action on the bond until the time fixed had expired. But the acquiescence in the exercise of unwarranted power, the submission to acts beyond the jurisdiction of the court, does not authorize its second exercise or other or further acts beyond the jurisdiction of the court.

It is insisted on behalf of defendant that mandamus is not the proper remedy; that review should be had on writ of error. Undoubtedly the order of March 8th was a final judgment and reviewable on writ of error. But the order of September 18th, which is the order sought to be set aside, is an interlocutory one, the effect of which is to stay proceedings. In *Peterson* v. *Wayne Circuit Judge,* 108 Mich. 608, and *Hatch* v. *Washtenaw Circuit Judge,* 200 Mich. 1, it was sought to compel a stay of proceedings. In each case we declined such order, but did determine the question of the power of the court to grant a stay. Both were mandamus cases. In *Adler* v. *Judge of Recorder's Court,* 197 Mich. 81, we directed defendant by mandamus to set aside an order requiring plaintiff to cease building operations because the order staying such operations was beyond the power of the court. But the case most directly in point is *Culver* v. *Judge of the Superior Court,* 57 Mich. 25. A suit had been

instituted upon the bond of a residuary legatee. Defendant had entered an order staying such proceedings. Holding that the order was an improper one to enter, we directed its vacation and determined the question on mandamus. Plaintiff has pursued the proper remedy.

We do not pass upon the effect compliance with the probate order of February 25, 1918, should have on the suit instituted on the bond. That question may be determined in that case.

The writ will issue.