JOHN L. BRUMMETT & others, trustees, *vs.* BESSIE C. HEWES
& others.

Middlesex.    November 4, 1941. — February 26, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Trust,* Use of principal, Life estate.    *Words,* "Shall."

Upon construction of an entire will, a provision that, in case the net
income of a trust was not sufficient to make "monthly payments as
herein provided for" in certain contingencies to four previously
named beneficiaries including a daughter of the testator, trustees,
if in their discretion they determined that a "necessity" therefor
existed, might make up such deficiency from principal of the trust,
was not so repugnant to a previous provision as to overcome its un-
equivocal mandatory direction that, in case "the balance of net
income," which was to be paid to the daughter after a monthly pay-
ment therefrom of $1,000 to a prospective wife of the testator, in any
year after the first year was less than $12,000, the trustees "shall
pay" to the daughter from the principal "a sufficient sum to make
the sum received by" her equal to $12,000 "annually."

PETITION, filed in the Probate Court for the county of
Middlesex on October 16, 1935.

The case was heard by *Beane,* J., and a decree was entered
that the petitioners were not bound to pay to Bessie C.
Hewes the sum of $1,000 each month, "regardless of suf-
ficiency of income to make such payments, but that said
petitioners may in their discretion take from the principal
of the trust fund in their hands sums sufficient to make
such payments." Bessie C. Hewes appealed.

*A. L. Brown,* stated the case.

*J. Wiggin,* (*J. A. Plummer* with him,) for the respondent
Hewes.

*J. G. Wright,* for "next friend."

QUA, J.    The trustees under the will of James A. Hewes,
late of Melrose, pray instruction as to whether they are
bound to pay to the testator's daughter, Bessie C. Hewes,
the sum of $1,000 per month "regardless of whether the
income of the trust is sufficient to pay this sum." Other

questions upon which they seek instruction are subsidiary to the foregoing and need not now be stated.

The paragraphs of the will bear no numbers in the original will, but for convenient reference those disposing of the testator's property will here be treated as if numbered consecutively.

Paragraph 1 gives to the testator's daughter, Bessie C. Hewes, all his household effects, clothing, jewelry, personal articles and automobiles.

Paragraph 2 orders the executors to pay to Bessie during the first year after the testator's decease such sums out of income "as in their judgment may be necessary and proper for her suitable and reasonable support in the manner she has been accustomed to," and if income is insufficient to pay the same from principal.

Paragraph 3 states that the will is made in contemplation of marriage between the testator and Mrs. Rose E. Everett and orders the executors to pay to Mrs. Everett during the first year $1,000 per month "out of the income or principal of my estate as stated in the foregoing provisions for my said daughter."

Paragraph 5 creates the trust and provides for the payment from the income of $1,000 monthly to Mrs. Everett during her lifetime.

Paragraph 6 provides for the payment of the balance of the income to Bessie during her life.

Paragraph 7 is as follows: "In case, however, that the balance of net income payable to my said daughter Bessie in any year after the first year from the date of my decease is less than Twelve Thousand Dollars ($12,000), then for any year after said first year that said net income payable to my said daughter is less than Twelve Thousand Dollars ($12,000), my said Trustees shall pay to my said daughter from the principal of the trust a sufficient sum to make the sum received by my said daughter equal to Twelve Thousand Dollars ($12,000) annually."

Paragraphs 8 and 9 deal with the disposition of the income and the ultimate distribution of the principal after the deaths of Bessie and Mrs. Everett. Paragraph 8 in-

cludes a provision for monthly payments from income to Mary F. Upton and Mary L. Mason during their respective lives.

Paragraph 10 reads: "I authorize and empower my said Trustees, or their successors, to pay to my said daughter Bessie and to said Mrs. Rose E. Everett in case that she shall become my widow, such portions of the principal of the trust estate as in the unanimous judgment and discretion of the Trustees for the time being seems reasonable, expedient and proper in case the income from the trust estate in any year seems insufficient for their reasonable and proper support and maintenance in the way and manner they have been accustomed to considering all the then facts and circumstances, and the decisions of said Trustees concerning such payments of principal to or for the benefit of my said daughter Bessie and to said Mrs. Rose E. Everett in case that she shall become my widow, shall be final and binding upon all parties and be beyond appeal."

Paragraph 11 reads: "In case that the net income of my estate at any time is not sufficient to pay the monthly payments as herein provided for to my said daughter Bessie, to Mrs. Rose E. Everett, to my said sister Mary F. Upton, and to said Mary L. Mason, then I authorize the Trustees for the time being to make up such deficiency of said payments from the principal of said trust estate and any such deficiency so paid out of the principal shall not be replaced to the principal out of future income and the necessity for such payments out of principal shall rest entirely upon the judgment and discretion of said Trustees, and their action shall be final and beyond appeal."

Paragraph 12 recites the testator's active interest in Hewes and Potter Incorporated, in which he states that the greatest part of his estate is invested. He expresses his desire to see the corporation's business continue and prosper. He requests and authorizes his executors and trustees "to continue" his "interest" therein as long as in their judgment they may safely do so, "giving them full power to so act using a wise discretion." He requests them so to man-

age his investment in that corporation that besides obtaining a satisfactory income therefrom the interests of his "long time friends connected with said Corporation will be favored and conserved and not injured by the hasty or untimely withdrawal or sale of . . . [his] shares." He adds, however, that he leaves his executors and trustees "to act in these matters as they may deem best," and that he imposes "no trust upon them, express or implied."

Other provisions of the will, in our view, have little or no bearing on the issues, and need not be stated. All have been considered. Mrs. Everett died before the testator, and the issue now lies between the testator's daughter, Bessie C. Hewes, and possible remaindermen who may take income or principal after her death.

Bessie C. Hewes relies upon the seventh paragraph as rendering it mandatory upon the trustees to pay to her from principal a sufficient sum to make the amount received by her $12,000 annually, whenever the sum payable to her out of income is less than that amount. On the other hand, it is the contention of the next friend appointed by the Probate Court to represent persons not ascertained or not in being that other parts of the will, taken together, and especially the eleventh paragraph, show that the testator intended that any payments to his daughter out of principal should (to quote from that paragraph) "rest entirely upon the judgment and discretion" of his trustees; and that if there is a repugnancy between the seventh and the eleventh paragraphs the latter, coming later in the will, must be deemed the final expression of the testator's intention.

Paragraph 7 is certainly mandatory in form. It directs that when the balance of net income payable to Bessie in any year after the first year is less than $12,000 the trustees "shall" pay to her enough from the principal to make up that sum. "Shall," in its accurate sense, is a word of command. *McCarty* v. *Boyden*, 275 Mass. 91, 93. *Elmer* v. *Commissioner of Insurance*, 304 Mass. 194, 196. By paragraph 5 the testator had given Mrs. Everett $12,000 a year out of income. By paragraph 6 he had given Bessie only "the balance" of the income. We do not know the

size of the estate, but unless some provision had been made by which Bessie could look to principal it would seem that she might in a period of low income receive little or nothing while Mrs. Everett remained in a preferred position.  There is nothing in the will as a whole to indicate that the testator thus intended to subordinate his daughter to the woman whom he intended to marry.  Notwithstanding some differences between the provisions made for them respectively the will seems rather to indicate the testator's desire for substantial equality in his treatment of these two principal objects of his bounty.  If the will stopped with paragraph 7 it seems plain that the provision for the payment of principal to Bessie would be construed as mandatory.  It would require clear and unequivocal expression of a contrary intent or a repugnancy that could not plausibly be explained away to overcome a provision so plain, straight forward, and apparently reasonable as that contained in paragraph 7.

We do not find such controlling language in the rest of the will.  There is nothing of the kind in paragraph 10. This simply authorizes the trustees, by unanimous action, to pay from principal to Bessie and to Mrs. Everett, if she should become the testator's widow, sums in excess of the $12,000 previously provided for each if, "considering all the then facts and circumstances," that sum seems insufficient for their support in the manner to which they have been accustomed.  The wording of this paragraph may fit in somewhat more aptly with the wording of the previous provision for Mrs. Everett than with that for Bessie, but this is far from enough to control paragraph 7.

The main argument in behalf of the remaindermen must rest upon paragraph 11, the discretionary provision of which is claimed to be repugnant to an absolute right in Bessie to resort to principal under paragraph 7.  It therefore becomes necessary to inquire into the precise meaning of paragraph 11.  That paragraph by its terms operates only in case "the net income of . . . [the] estate at any time is not sufficient to pay the monthly payments" provided in the will for the persons named in paragraph 11.  Bessie is named

in that paragraph. None of the payments provided in the will for Bessie is expressed to be payable monthly, but if we can assume that monthly payments are somehow implied there is still difficulty in applying paragraph 11 to the payments from the trustees provided for Bessie by paragraphs 6 and 7. The payment provided by paragraph 6 is a payment of "the balance of said net income," and of course "the net income of . . . [the] estate" can never be "not sufficient" to pay the balance of the net income. The payment provided by paragraph 7 is therein expressly required to be paid out of principal. How can the "net income" be "not sufficient" to make payments which are only to be made out of principal and never out of income? Paragraph 11 is perfectly plain as applied to all the persons named therein except Bessie. All except Bessie are to receive under the terms. of the will fixed monthly amounts payable out of income. One may suspect that the inclusion of Bessie's name in paragraph 11 was somehow an inadvertence or mistake. It introduces confusion into the will. But it does not convince us that the testator intended to revoke the provision so plainly set forth in paragraph 7 that his daughter, the only child of his mentioned in the will, should receive as of right $12,000 a year, even if part of it had to be paid out of principal. If a paragraph as difficult of interpretation as paragraph 11 can fairly be called repugnant to paragraph 7, the repugnancy is not such as completely to obscure the testator's intention in favor of his daughter manifest from other parts of the will. See *Crowell* v. *Chapman*, 257 Mass. 492, 495; *Bramley* v. *White*, 281 Mass. 343, 349. The position of paragraph 11 as coming later in the will than paragraph 7 is not controlling under these circumstances. *Mills* v. *Blakelin*, 307 Mass. 542, 547. *Taylor* v. *Albree*, 309 Mass. 248, 253–256, 258.

We have not overlooked the further contention in behalf of the remaindermen that the provisions of the will relative to the permissible retention of the testator's investment in Hewes and Potter Incorporated have some tendency to show that the trustees were not to be required to make payments to Bessie out of principal. But these provisions were not

mandatory and are of very little weight in construing the donative part of the will.

The decree is reversed, and a decree is to be entered instructing the trustees that they are bound to pay from the principal to Bessie C. Hewes for any year after the "first year" that the net income payable to her is less than $12,000 a sum sufficient to make the sum received by her equal to $12,000, and that they are bound to dispose of the remaining assets and of the stock in Hewes and Potter Incorporated in so far as necessary to meet such payments, using sound judgment as to what to dispose of, and making proper effort to sell to the best advantage.

Costs and expenses of this appeal are to be at the discretion of the Probate Court.

*Ordered accordingly.*