KEITH MENGEL & others *vs.* JUSTICES OF THE SUPERIOR
COURT.

Suffolk.    November 6, 1942. — February 23, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Labor and Labor Union. Contract,* Of employment. *Equity Pleading
and Practice,* Labor dispute, Report. *Mandamus. Words,* "Labor
dispute," "Employee."

Certain employees under contracts of employment terminable at will,
who left their work as a result of a failure of their employer to grant
their demands as to terms and conditions of employment and there-
upon engaged in picketing and persuasion of other employees of the
same employer but stood ready to resume work upon settlement of
the dispute, remained employees and were waging a "labor dispute"
within the provisions of § 20C, inserted in G. L. (Ter. Ed.) c. 149,
by St. 1935, c. 407, § 1.

The fact that, in a suit in equity growing out of a controversy between
striking employees and their employer which was a "labor dispute"
within the provisions of § 20C inserted in G. L. (Ter. Ed.) c. 149 by
St. 1935, c. 407, § 1, the employer sought specific performance by the
employees of their contracts of employment, did not preclude the
operation of § 9A inserted in c. 214 by St. 1935, c. 407, § 4, and a
judge issuing an injunction restraining the striking employees upon
the return of an order of notice was required to report questions of
law involved for the review described in clause (6) of said § 9A.

Mandamus is the proper remedy to require a report in compliance with
cl. (6) of § 9A, inserted in G. L. (Ter. Ed.) c. 214 by St. 1935, c. 407,
§ 4, the new procedure peculiar to litigation involving labor disputes.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on April 24, 1942, averring in substance
that *Dillon,* J., in the Superior Court, after issuing a restrain-
ing order enjoining a strike by the petitioners herein in what
they alleged was a labor dispute, refused to report questions
of law in accordance with the requirements of § 9A (6),
inserted in G. L. (Ter. Ed.) c. 214 by St. 1935, c. 407, § 4,
and praying that the case in the Superior Court "be deter-
mined to be one 'involving or growing out of a labor dis-
pute' and that a writ of mandamus issue directed to" the

justices of the Superior Court directing them and *Dillon,* J.,
in particular "to report any and all questions of law involved
in the issuance of the preliminary injunction, and to stay
all further proceedings in such issuance except those neces-
sary to preserve the rights of the parties pending a deter-
mination by summary hearing" by a single justice of the
Supreme Judicial Court, "and for an injunction restraining
the said justices of the Superior Court from ordering the
completion of pleadings and from ordering hearings before
a master pending the determination of this present petition."

The petition was ordered dismissed by *Lummus,* J., who
thereupon reported the case for determination by the full
court.

The case was submitted on briefs.

*H. R. Donaghue,* for the petitioners.

*R. T. Bushnell,* Attorney General, *& R. Clapp,* Assistant
Attorney General, for the respondents.

RONAN, J.   The General Beverage Corp., a corporation
engaged in the bottling and distribution of soft drinks and
employing twelve persons, brought a bill in equity in the
Superior Court on April 15, 1942, against Mengel, Car-
daropoli, Godfrey, Wapner and Brown, alleging that they
terminated their employment with the plaintiff on April 1,
1942, when the plaintiff rejected their demands; that the
plaintiff refused to reëmploy them and was informed by
them that they had become members of a certain labor
union; that they induced three other employees to quit
their employment with the plaintiff; that since April 8,
1942, they picketed the plaintiff's place of business, dis-
playing placards and banners, informing the plaintiff's
customers that they were on a strike and advising them not
to trade with the plaintiff; that they endeavored by per-
suasion and threats to cause other employees of the plaintiff
to leave their employment; and that the police were unable
to furnish adequate protection to the plaintiff.   The bill
also alleged that the plaintiff was notified on April 10, 1942,
that an application had been made by its employees through
said labor union to the labor relations commission, seeking
the certification of said union as the representative of these

employees for the purpose of collective bargaining with the plaintiff; that after a hearing, at which the plaintiff was represented by counsel, the commission decided that a controversy existed between the plaintiff and its employees and ordered an election to determine whether the majority of the employees had designated the union as their representative for collective bargaining. This decision of the commission was made on April 13, 1942. There were further allegations contained in the bill, to the effect that each of the five defendants had executed an individual contract of employment with the plaintiff containing a provision that he would "not do, suffer or consent to any act or things prejudicial or injurious to the business or good will of said General Beverage Corp., during the term of . . . [his] employment and for two years thereafter, whether said termination shall be voluntary or involuntary." The bill prayed for injunctions restraining the defendants from violating the above provisions of their contracts of employment, from picketing the plaintiff's premises, from interfering with its customers and its business, and from threatening its employees in order to compel them to leave their employment. A temporary restraining order issued on the filing of the bill, and a preliminary order issued on the return of the order of notice, restraining these defendants from violating the above quoted provisions of their contracts of employment. The judge of the Superior Court denied a request made under G. L. (Ter. Ed.) c. 214, § 9A (6), inserted by St. 1935, c. 407, § 4, to report to this court the questions of law arising out of the granting of the restraining order, and ruled "that the case is not a case involving or growing out of a labor dispute."

The defendants in the bill in equity thereafter brought this petition for mandamus to compel the judge of the Superior Court or some other judge to report such questions in accordance with their request. The petition, which included a copy of the bill in equity, alleged that the said preliminary order was granted upon the statements of counsel although counsel for the defendants requested that the hearing be held in accordance with said c. 214, § 9A;

that after the issuance of said order the judge ordered the pleadings completed in five days and that the case be heard by a master. None of the allegations of the petition was denied by the answer. The single justice, after hearing the case upon the petition, answer and traverse, ordered the petition dismissed and reported the case to this court.

The first question presented is whether the Superior Court was dealing with a labor dispute as defined by G. L. (Ter. Ed.) c. 149, § 20C, inserted by St. 1935, c. 407, § 1, or whether the suit before it was no more than a bill in equity seeking the specific performance of a contract of employment.

There is no dispute that the petitioners left their places of employment on April 1, 1942, as a result of the failure of their employer to grant their demands, and that, up to the time of the granting of the injunction, they had conducted a strike against their employer. In quitting their work, they did not violate their contracts of employment which were terminable at will. Neither is it disputed that they engaged in the strike for the purpose of securing better terms and conditions of employment. According to said § 20C (a) "A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft or occupation; or who are employees of the same employer." And according to (b) one shall be deemed to be a person participating or interested in a labor dispute if relief is sought against him. According to (c) the term "labor dispute" includes any controversy concerning terms or conditions of employment. The activities of the petitioners that were enjoined included picketing and persuasion of employees by striking employees in waging a "labor dispute" with their employer within the terms of said § 20C.

The quitting of their work in order to enforce their demands did not for the purpose of the statute terminate their relationship of employees. They stood ready to resume the performance of their duties when a settlement had been effected. None of the various sections that originated in St. 1935, c. 407, which was enacted to regulate

the issuance of injunctions in labor disputes and which, in their present form, appear as G. L. (Ter. Ed.) c. 149, §§ 20B, 20C; c. 214, §§ 1, 9, 9A; and c. 220, §§ 13A, 13B, contains any definition of an employee as does the State labor relations law. G. L. (Ter. Ed.) c. 150A, § 2, inserted by St. 1938, c. 345, § 2. The word "employee" must be given its usual and ordinary meaning. We think that workmen who have temporarily suspended work in an effort to compel their employer to increase their wages or improve their working conditions are commonly regarded as employees while making such an effort or at least until it has become apparent that the employer has weathered the attack and has resumed business in a normal manner. If the word "employee" were given a strict technical construction then many statutes dealing with labor disputes would have no application, since the very act of quitting work would sever the continuity of the legal relationship of employer and employee and the latter would be deprived of the benefit of the statutes. The present case differs from *Simon* v. *Schwachman,* 301 Mass. 573, and *Quinton's Market, Inc.* v. *Patterson,* 303 Mass. 315, because in each of those cases the picketers had never been in the employ of the merchant whose store they picketed. Moreover, in the absence of a statute it has been generally regarded that employees who quit their work to wage a lawful strike in a lawful manner still continue as employees, at least in reference to matters connected with the strike. *Densten Hair Co.* v. *United Leather Workers International Union of America,* 237 Mass. 199. *Iron Molders' Union No. 125 of Milwaukee* v. *Allis-Chalmers Co.* 166 Fed. 45. *Michaelson* v. *United States,* 291 Fed. 940. *Jeffery-DeWitt Insulator Co.* v. *National Labor Relations Board,* 91 Fed. (2d) 134. *State* v. *Personett,* 114 Kans. 680. *Keith Theatre Inc.* v. *Vachon,* 134 Maine, 392. *Greenfield* v. *Central Labor Council,* 104 Ore. 236. *Uden* v. *Schaefer,* 110 Wash. 391.

The real purpose of the bill in equity was to enjoin the defendants, who are the petitioners here, from continuing the strike by securing a decree ordering specific performance of a provision of their contracts of employment. The fact

that there may be involved in the present controversy breaches of contracts of employment upon the facts of the present case does not take the case out of said c. 214, § 9A, if the controversy itself was a labor dispute as defined by said c. 149, § 20C. See G. L. (Ter. Ed.) c. 149, § 20A, inserted by St. 1933, c. 351, § 1. See also *R. H. White Co.* v. *Murphy*, 310 Mass. 510. *Cascade Laundry, Inc.* v. *Volk*, 129 N. J. Eq. 603; *Holland Laundry, Inc.* v. *Lindquist*, 173 Misc. (N. Y.) 121; *Nevins, Inc.* v. *Kasmach*, 252 App. Div. (N. Y.) 890; *Florsheim Shoe Store Co. Inc.* v. *Retail Shoe Salesmen's Union of Brooklyn & Queens*, 288 N. Y. 188.

We conclude that the case presented by the bill in equity was one involving and growing out of a labor dispute within the provisions of G. L. (Ter. Ed.) c. 149, § 20C, and that, in determining whether an injunction should issue on the return of the order of notice, the judge was bound to comply with the provisions of G. L. (Ter. Ed.) c. 214, § 9A, as inserted by St. 1935, c. 407, § 4. Since an injunction was granted he was required by said § 9A (6), upon the request of the petitioners, "forthwith [to] report any questions of law involved in such issue or denial to the supreme judicial court and stay further proceedings except those necessary to preserve the rights of the parties. Upon the filing of such report, the questions reported shall be heard in a summary manner by a justice of the supreme judicial court, who shall with the greatest possible expedition affirm, reverse or modify the order of the superior court. The decision of such justice of the supreme judicial court upon the questions so raised shall be final, but without prejudice to the raising of the same questions before the full court upon exceptions, appeal or report after a final decree in the case." The request for a report having been denied, the petition for mandamus followed, and the remaining question is whether mandamus is the proper remedy.

Mandamus is the appropriate remedy to compel a judicial officer to decide a case when he has refused to act upon the mistaken assumption that he lacked jurisdiction to determine the cause, but it has been said that the writ will not

issue to direct the particular decision that should be made or to review or reverse a decision made by one acting in a judicial capacity upon an issue properly before him.[1]  One having another adequate and effectual remedy to redress the wrong alleged in a petition for mandamus is not entitled to the writ.  *Bellevue Hotel Co.* v. *Building Commissioner of Boston,* 299 Mass. 73.  *C. &. H. Co.* v. *Building Commissioner of Medford,* 303 Mass. 499.

While the granting of the writ rests in sound judicial discretion, relief should not be denied where the petitioner shows a clear right to the relief sought and where there is no other available remedy that he can invoke to establish and enforce this right.  *St. Luke's Church in Chelsea* v. *Slack,* 7 Cush. 226, 237.  *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592.  *McNeil* v. *Mayor & City Council of Peabody,* 297 Mass. 499, 502.  *Elmer* v. *Commissioner of Insurance,* 304 Mass. 194, 199.  The party against whom a restraining order is issued in a labor dispute is given the right to a report by the statute, which provides that the judge, upon the request of such a party, "shall forthwith report" to the Supreme Judicial Court the questions of law arising out of the issuance of the injunction.  The making of such a report is not a matter of discretion but an imperative duty imposed upon the judge.  *McCarty* v. *Boyden,* 275 Mass. 91.  *Brummett* v. *Hewes,* 311 Mass. 142.  The statute creates a new procedure, peculiar to labor cases, and provides for a summary review of the questions of law arising out of the action of a judge who granted or denied the injunction and a prompt decision by the single justice. The statute supersedes the general practice prevailing in equity, where an appeal from the granting of a preliminary injunction cannot of right be heard until there has been a trial upon the merits, *Digney* v. *Blanchard,* 229 Mass. 235;

---

[1] *Chase* v. *Blackstone Canal Co.* 10 Pick. 244.  *Morse, petitioner,* 18 Pick. 443.  *Carpenter* v. *County Commissioners of Bristol,* 21 Pick. 258.  *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162.  *Channell* v. *Judge of Central District Court of Northern Essex,* 213 Mass. 78.  *Attorney General* v. *Lyons,* 220 Mass. 536.  *Casey* v. *Justice of the Superior Court,* 229 Mass. 200.  *Taylor* v. *Thompson,* 232 Mass. 269.  *Ex parte Harding,* 219 U. S. 363.  *Ex parte Roe,* 234 U. S. 70.  *Ex parte Wagner,* 249 U. S. 465.  *Interstate Commerce Commission* v. *United States,* 289 U. S. 385.

*McCracken's Case*, 251 Mass. 347;  *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271;  *Driscoll* v. *Battista*, 311 Mass. 372, and in this class of cases substitutes a new procedure for the purpose of minimizing the delay which would ordinarily be experienced under the usual procedure before the appeal could be heard.   The effect of an injunction upon a strike has become well known.   The Legislature deemed it expedient to prescribe the conditions upon which injunctions should be issued and also to provide for an expeditious review of the questions of law involved and, as the case may be, their consequent reversal, affirmance or modification.   The legislative history of the various acts of Congress governing the issuance of injunctions in labor controversies, including the Norris-LaGuardia act, U. S. C. (1940 ed.) Title 29, §§ 101–115, from which St. 1935, c. 407, was derived, is set forth in *United States* v. *Hutcheson*, 312 U. S. 219.

The denial of the request of the petitioners for a report deprived them of the right of review by the single justice. It has been said that a judge may be compelled by mandamus to settle a report if he has unreasonably delayed to do so.   *American Fireworks Co. of Massachusetts* v. *Morrison*, 300 Mass. 531.   *Hudson* v. *Parker*, 156 U. S. 277.   The situation may be somewhat analogous to the refusal of a judge to make a report of the material facts in equity proceedings where such refusal is not a matter from which an appeal will lie.   *Restighini* v. *Hanagan*, 302 Mass. 151, 153. *Carilli* v. *Hersey*, 303 Mass. 82, 87.   Even if we assume that an appeal would lie to the denial of the petitioners' request for a report, that would not be an appropriate and effectual remedy.   Strikes have frequently run their course and ended before the proceedings could be entered in the full court.   See, for example, *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530;  *Simon* v. *Schwachman*, 301 Mass. 573;  *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315.   Indeed, the inadequacy of an appeal from the Superior Court was one of the reasons for providing for a review by the single justice.   See Norris-LaGuardia act, U. S. C. (1940 ed.) Title 29, § 110, providing for a review "with the

greatest possible expedition" by a Circuit Court of Appeals. We think it is clear that the petitioners have no adequate or substantial remedy by appeal to obtain the benefits of the statutory right to review by the single justice. *Lowry v. Commissioner of Agriculture,* 302 Mass. 111. *Elmer v. Commissioner of Insurance,* 304 Mass. 194. *Tranfaglia v. Building Commissioner of Winchester,* 306 Mass. 495.

The judge of the Superior Court ruled that the case did not involve or grow out of a labor dispute and on this ground denied the request for a report. There is nothing to show that he heard the parties on this request or that he did not rely solely upon the statements of counsel, made on the preceding day, upon the question of the issuance of an injunction. It is urged that a decision having been made, it cannot be revised by mandamus. It is not the function of mandamus to serve the purpose of an appeal or exceptions. *Crocker v. Justices of the Superior Court,* 208 Mass. 162. *Taylor v. Thompson,* 232 Mass. 269. *Ex parte Wagner,* 249 U. S. 465. The suit presented by the bill in equity was a labor dispute and the ruling, as matter of law, that it did not present such a case was equivalent to a ruling that the judge had no power to grant the request. It is plain that this was the underlying principle upon which the denial was based. It is well settled that, where a judge erroneously decides, solely as matter of law, a preliminary issue concerning which the facts appearing in the record are not in dispute, in such a way as to deprive a party of a hearing upon the merits, on the ground that lack of jurisdiction requires the ruling, mandamus will lie not only to reverse the decision but to order him to perform his judicial duties.[1]

---

[1] *Ex parte Roberts,* 15 Wall. 384. *Ex parte United States,* 16 Wall. 699. *Grossmayer, petitioner,* 177 U. S. 48. *In re Connaway,* 178 U. S. 421. *McClellan v. Carland,* 217 U. S. 268. *Ex parte Simons,* 247 U. S. 231. *Maryland v. Soper,* 270 U. S. 9. *Ex parte United States,* 287 U. S. 241. *Ex parte Kumezo Kawato,* 317 U. S. 69. *Lloyd v. Superior Court of Los Angeles County,* 208 Cal. 622. *O'Day v. Superior Court of Los Angeles County,* 18 Cal. (2d) 540. *Bishop v. Fischer,* 94 Kans. 105. *Bernheim v. Wallace,* 186 Ky. 459. *Adler v. Judge of Recorder's Court of Detroit,* 197 Mich. 81. *Mason v. Siegel,* 301 Mich. 482. *State v. District Court of Ramsey County,* 186 Minn. 432. *State v. District Court,* 89 Mont. 531. *State v. Brown,* 330 Mo. 220. *State v. Kirkwood,* 345 Mo. 1089. *State v. Graves,* 66 Neb. 17. *State v. Williams,* 136 Wis. 1. *State v. Circuit Court of St. Croix County,* 187 Wis. 1. *State v. Paul,* 5 Wash. (2d) 90.

The situation presented in the case at bar is analogous to those cases where an injunction is sought in a Federal District Court against the enforcement of a statute which is alleged to be an unconstitutional enactment and where the District Court judge, instead of calling to his assistance two additional judges to hear the case and decide whether an injunction should be issued, as required by the Judicial Code, § 266; U. S. C. (1940 ed.) Title 28, § 380, erroneously decides that the suit does not come within the section last cited and proceeds alone to pass upon the application for an injunction.   In all such cases mandamus has issued, reversing the erroneous decision made by the single judge and commanding him to convene a three-judge court to hear the case.   *Ex parte Metropolitan Water Co. of West Virginia*, 220 U. S. 539.   *Ex parte Williams*, 277 U. S. 267.   *Ex parte Collins*, 277 U. S. 565.   *Ex parte Northern Pacific Railway*, 280 U. S. 142.   *Stratton* v. *St. Louis South Western Railway*, 282 U. S. 10.   *Ex parte Bransford*, 310 U. S. 354.

In the present case the petitioners ought not to be obliged to wait for a review before a single justice until after the case has been heard by a master as contemplated by the judge of the Superior Court, a proceeding expressly prohibited by the statute, G. L. (Ter. Ed.) c. 214, § 9A, and until after a final decree favorable to them has been entered in the Superior Court or, in case the final decree is adverse to them, until the appeal from such final decree can be heard and decided in this court.

In the opinion of a majority of the court, it follows that the petition should not have been dismissed and that the writ of mandamus should issue.

*So ordered.*