TAMMANY HALL, INC. *vs.* PAUL GARRITY & another. November 8, 1972. The plaintiff corporation, operating a restaurant in Worcester, brought a suit in the Superior Court against the two defendants, officers of the Hotel, Restaurant and Bartenders Union, Local 95, as representatives of the rest of the membership. The bill alleged that the union was engaged in picketing the plaintiff's premises with signs stating that this establishment did not employ members of the union; that the picketing was unlawful because its purpose was "recognitional," that is, in the words of the bill, having "as its objective, to compel the Plaintiff to sign an agreement with . . . [the union], although none of its employees are members of or desire to be represented by . . . [the union]"; and that the public officers charged with the duty of protecting the plaintiff's property were unable to furnish adequate protection (see G. L. c. 214, § 9A [1] [a] and [e]). There were the usual prayers for injunctive and general relief. As the suit involved a labor dispute (see G. L. c. 149, § 20C), the chief justice of the Superior Court under G. L. c. 212, § 30, designated a court of three associate justices to hear and determine it. That court denied a temporary restraining order and a few days later denied a preliminary injunction, finding that the picketing, although recognitional, was lawful, and, further, that the picketing was peaceful and the public officers were neither unable nor unwilling to protect the plaintiff's property. Decisions of the three-judge court are by G. L. c. 212, § 30, made subject to review in accordance with G. L. c. 214, § 9A (6). Under that subsection, the court after granting or denying a preliminary injunction shall, upon request of a party, report questions of law to the Supreme Judicial Court; the questions are then to be heard summarily by one of the Justices thereof, who shall affirm, modify, or reverse the order made below. In the present case, upon the plaintiff's request, the three-judge court reported the questions whether recognitional picketing was lawful and whether an injunction could issue when the picketing was peaceful and there was no evidence that the public officers were unable or unwilling to furnish adequate protection. The single justice, after hearing, affirmed the order without explicitly responding to the questions. It is this order of affirmance from which the plaintiff seeks to appeal to the full court. The appeal does not lie, for the last sentence of subsection (6) contemplates that, although the decision of the single justice upon the questions raised shall be "final" in the sense of binding the court below,

the action in the usual course is to be returned there for proceedings until final decree. The single justice's order was in terms an affirmance of the denial of a preliminary injunction and therefore could not itself figure as a final decree. (It was inadvertently entitled as a final decree in the present case and this has contributed to the confusion.) The subsection indicates that the questions raised before the single justice may again be raised before the full court upon exceptions, appeal, or report, but that is "after a final decree in the case." The procedure is adverted to in *Mengel* v. *Superior Court*, 313 Mass. 238, 244–245, 247, and *Thayer Co.* v. *Binnall*, 326 Mass. 467, 484–485. Review by this court is inappropriate at this stage; the suit should be returned to the Superior Court for further proceedings. We express no opinion on the merits.

*Appeal dismissed.*

*Robert Weihrauch* for the plaintiff.